## WILKES v. UNITED STATES.

No. 13578.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1951.

John L. Green, Athens, Ga., for appellant.

Hilbert P. Zarky, Ellis N. Slack, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., John P. Cowart, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This is a tax case, appealed from the district court; it presents a single question of law, which is: Whether, when the two-year statute of limitation expires on a Sunday, the taxpayer, under rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., has until the next day to file his suit for a refund of taxes. The court below held that he did not. We agree with the taxpayer that he did, and that the judgment appealed from should be reversed, under the common law and Union National Bank v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 912, 93 L.Ed. 1190. This decision dealt with the effect of filing an appeal, from the Supreme Court of Missouri to the U. S. Supreme Court, on a Monday, which was the 91st day, the 90th day having fallen on Sunday. The Supreme Court's jurisdiction depended on a statute, 28 U.S.C. (1948 Ed.), § 2101(c), which provides that the appeal must be filed within 90 days after the entry of such judgment. In holding that the appeal was filed in time, the court said: "The ninetieth day was December 12, 1948, which was a Sunday. There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Thus Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631, treating Sunday as a *dies non* under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U.S.C. § 2101(c), 28 U. S.C.A. § 2101(c). Rule 6(a) of the Federal Rules of Civil Procedure * * * provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). The appeal therefore did not fail for lack of timeliness."

Having had legislative authorization and approval, Rule 6(a) has the force and effect of a legislative enactment. The Supreme Court points out in the Lamb case that the statute under consideration had been re-enacted after the adoption of said rule. The same is true of the statute in this case. It was introduced on Jan. 18, 1939, and approved on Feb. 10, 1939, 26 U.S.C.A. § 3772. Rule 6(a) became effective on September 1, 1938. Thus it seems clear that the Congress, in waiving the immunity of the United States to suit for a period of two years, intended that the allotted time should be computed as provided in Rule 6(a). The statute, thus construed, granted an additional day when the last

day of the period fell on Sunday. Wilson v. Southern Ry. Co., 5 Cir., 147 F.2d 165. Cf. Simon v. Commissioner, 2 Cir., 176 F. 2d 230, 232.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.