## RUTLEDGE v. SINCLAIR REFINING CO.

United States District Court
S. D. New York.
Feb. 16, 1953.

Herman E. Cooper, New York City, for plaintiff.

Purdy, Lamb & Catoggio and Vincent A. Catoggio, New York City, for defendant.

WEINFELD, District Judge.

This is an action brought by the administratrix of decedent's estate under the Jones Act for wrongful death. The deceased was last seen on board his ship on October 18th, 1949. A search on October 19th failed to disclose his whereabouts. Three years thereafter, October 19th, 1952, fell on a Sunday. This action was commenced the next day, Monday, October 20th, 1952. The defendant pleads affirmatively that the suit is time barred under 45 U.S.C.A. § 56, which contains a three-year limitation and is incorporated by reference in the Jones Act.[1] Plaintiff moves to strike such defense; and the defendant moves for summary judgment.

Plaintiff relies on Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

· Thus, the basic issue is whether Rule 6(a) is applicable to a Federal statute of limitation where the last day of the period prescribed by it falls on a Sunday. There appears to be no controlling authority in this circuit, although the matter is discussed in Joint Council, etc. v. Delaware L. & W. R. Co., 2 Cir., 157 F.2d 417, 420. The Court there stated that Rule 6(a) relates to acts done after the commencement of proceedings and "is not intended to modify and change existing statutes of limitation."[2] But the Court then went on to hold that the parties and the Court below had proceeded on an erroneous view of when the cause of action had accrued and that the action had, in fact, been timely commenced. Thus, the Court's construction of Rule 6(a) was not necessary to its decision and is dictum, as is made abundantly clear by Judge Frank's concurrence.[3]

Subsequent to the Joint Council decision, supra, the Supreme Court decided Union National Bank v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190, which involved the timeliness of an appeal from a State Court. The Court held that where the ninety day period within which an appeal may be taken under 28 U.S.C. § 2101(c) expired on a Sunday, the policy of liberality expressed in Rule 6(a) should be applied and that, therefore, an appeal allowed on the following day did not fail for lack of timeliness. It may be argued that the decision involves an act required to be done after proceedings are instituted. But the Court noted that the statute in question expressed no policy contrary to the liberality and leniency manifested in Rule 6(a) even though the Court's appellate jurisdiction rested upon compliance with the statutory time requirement.

The reach of Rule 6(a) again came up in this circuit in a case involving the timeliness of a taxpayer's motion before the Tax Court for reconsideration of its decision.[4] Its statutory power to act in the matter within a three months' period expired on a Sunday, but the Court held that a motion made the next day was timely. In so doing it relied on the Lamb decision, supra, and pointed out that the governing statutory provisions were re-enacted after the adoption of Rule 6(a), which indicated

---

1. 46 U.S.C.A. § 688.

2. Accord: 2 Moore's Federal Practice (2d Ed.) 1431; Wyker v. Willingham, D.C., 55 F.Supp. 105. Cf. Dunn v. Wheeler Shipbuilding Corporation, D.C., 86 F.Supp. 659.

3. Joint Council, etc. v. Delaware L. & W. R. Co., 2 Cir., 157 F.2d 417, 421.

4. Simon v. Commissioner of Internal Revenue, 2 Cir., 176 F.2d 230.

that no contrary policy had been expressed by Congress. While the precise issue related to an act required to be done after the commencement of proceedings, the decision itself does not mention the point.[5]

The only Court of Appeals case directly apposite to the one at hand is Wilkes v. United States, 5 Cir., 192 F.2d 128, 129, which held that where the two-year statute of limitation of a claim for a tax refund expired on a Sunday, the taxpayer had until the next day to file his suit. In thus implicitly differing from the dictum in the Joint Council case, supra, it relied on the Lamb decision, supra, and noted that Congress "in waiving the immunity of the United States to suit for a period of two years, intended that the allotted time should be computed as provided in Rule 6(a)." The basis of its conclusion was the adoption of the statute in question after the passage of Rule 6(a) and it cited the Simon case, supra, footnote 4.[6]

Applying the reasoning of these latter decisions to the instant case, the plaintiff is not precluded from maintaining her action, except as it may be barred under a point to be discussed later. The limitation section of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, was reenacted in 1939, when the period of limitation was extended from two years to three years, and again in 1948, with changes here immaterial. Nothing in Section 56 indicates an intention that the policy of Rule 6(a), which was in effect when the amendments were enacted, should not apply.

Thus, the Wilkes decision, involving a suit against the United States, indicates, a fortiori, that plaintiff's action was timely brought.[7]

Separate and apart from this line of reasoning and the authorities supporting it, there are other cogent reasons which warrant the conclusion that Rule 6(a) is applicable. The practical effect of upholding the defendant's position would further limit the statutory period by one day where the last day falls on a Sunday. The counter argument that "district courts shall be deemed always open for the purpose of filing any pleading"[8] overlooks the hard fact that the Clerk's Office in this district is not open for the filing of papers on Sundays or holidays, or for that matter, after noon time on Saturdays. Theoretically, the putative litigant might hunt up a Judge of this Court or the Clerk at his residence or elsewhere and file with one of them.[9] But I think it unfair that substantial rights should depend upon the doubtful contingencies which may arise in the attempt to do so. The vindication of the rights of a litigant should not turn either upon this circumstance or upon a narrow construction of the rules.

I hold, therefore, that the action was timely commenced, unless the deceased met his death on the 18th of October, 1949, when apparently he was last seen. As this is an issue of fact, its determination must await trial. Both motions are denied.

Settle order on notice.

---

5. Also see United States v. Cia Luz Stearica, 9 Cir., 181 F.2d 695, applying Rule 6(a) to appeals in admiralty, even though the Rules do not apply to admiralty proceedings. See Rule 81(a) (1).

6. The Wilkes decision is directly contra Wyker v. Willingham, supra, footnote 2, which emphasized that the expiration of the statute of limitation did not go merely to the remedy, but altogether destroyed the government's liability to refund taxes.

7. It is recognized that a different question would be presented in a diversity case. Cf. Rose v. United States, D.C., 73 F. Supp. 759.

8. Rule 77(a).

9. See Rule 77(a); 3 Moore's Federal Practice, (1st Ed.), 1951 Supp., pp. 309–10. Cf. Rule 5(e); Casalduc v. Diaz, 1 Cir., 117 F.2d 915.