Matter of MOIR HOTEL CO., Debtor. MORRISON HOTEL CORP., etc., Appellant,

v.

The FIRST NATIONAL BANK OF CHICAGO, Executor of the Estate of Louella Chapin, Deceased, Appellee.

No. 12027.

United States Court of Appeals Seventh Circuit.

Oct. 22, 1957.

William Henning Rubin, Lawrence Lenit, Chicago, Ill., for appellant.

Constantine G. Drugas, Chicago, Ill., Robert J. Gorman, Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, LINDLEY and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

On May 28, 1951, the District Court entered an order in a Chapter X, 11 U.S.C.A. § 501 et seq., Corporate Reorganization Proceeding providing, *inter alia*, for the presentation of all claims and the surrender of all securities within five years therefrom to the Trustees of the Hartford Liquidation Trust or to the Continental Illinois National Bank and Trust Company of Chicago, the agent and depositary under the Hartford Liquidation Trust agreement. Upon the expiration

of the five year period no claims or bonds should participate in the distribution and all securities and cash remaining unclaimed would become the property of Morrison Hotel Corporation as the equitable owner of all the property of the Hartford Liquidation Trust with the court reserving jurisdiction as provided in its decree of May 19, 1948.

■ May 27, 1956 was on a Sunday and it can not be questioned that, under Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the five year period continued through Monday, May 28, 1956.

The facts, established by the evidence, viewed in its aspects most favorable to the petitioner-appellee, are that Louella Chapin, who in 1955 was over 90 years of age, was the owner of two units of beneficial interest in the Hartford Building Corporation having a value of $1,181.70. On August 6, 1955, Louella Chapin executed a general power of attorney constituting Robert J. Gorman as her attorney-in-fact.

On the morning of Monday, May 28, 1956, Gorman received a telephone call from a Mr. Hannah of the Continental Illinois National Bank informing him that he had been trying to locate Miss Chapin so that she could surrender her units and get her money as that was the last day under the court order for her to do so.

Gorman informed Hannah that Miss Chapin was seriously ill in the Evangelical Lutheran Hospital; that the units were in her vault in the First National Bank Building, and it would be impossible to get them without her signature; that he had a power of attorney and could do whatever was necessary to fulfill the terms of the court order. Hannah then told Gorman he would send to him certain forms to be filled out and that upon their execution and return with his power of attorney it would be sufficient and the Bank would be able to pay out the money. Shortly thereafter a messenger appeared with the forms which Gorman filled out, attaching thereto a photostatic copy of his power of attorney, and sent it back to the Bank. Late in the afternoon of that same day Gorman received a telephone call from Mr. Bedingfield of the Continental Illinois National Bank informing Gorman that Mr. Rubin was insisting that the units themselves be presented. At Gorman's request he was switched to Mr. Kimball of the Bank and Gorman told Kimball he would prepare an indemnifying bond or any other type of paper which would hold the Bank harmless or in fact anything the Bank or Mr. Rubin would require but that the units were in the vault and it would be impossible to get them until Miss Chapin recovered. Kimball said that he was sorry but Mr. Rubin would not agree.

Gorman then prepared a letter of demand confirming what he had said on the telephone and delivery was made to the Bank with acknowledgment of receipt thereon endorsed on May 28, 1956.

All of the units of beneficial interest were surrendered and distribution was made with the exception of Miss Chapin's.

Thereafter Miss Chapin died and her executor filed a petition in the Chapter X Proceeding praying for an order directing the Continental Illinois National Bank and Trust Company or the Morrison Hotel Corporation, or both, to distribute and pay over to it the sum of $1,181.70 in exchange for the units of beneficial interest of Miss Chapin.

The District Court, after hearing on the petition, filed its findings of fact and conclusions of law and rendered judgment thereon ordering the Morrison Hotel Corporation to distribute and pay over to the First National Bank of Chicago, as Executor of the estate of Louella Chapin, deceased, within thirty days from the date of the judgment, the sum of $1,181.70 in exchange for the units. From this order the Morrison Hotel Corporation has appealed.

■ After finding the facts from the evidence hereinabove set out the District Court concluded that Louella Chapin, through her attorney-in-fact, by serving the demand and letter of transmittal with written power of attorney on the Conti-

nental Illinois National Bank and Trust Company of Chicago on May 28, 1956, and offering to execute any document desired to protect said bank including an indemnifying bond, properly made presentation, surrender or claim of her beneficial interest units within the period of time prescribed by the decree of May 28, 1951.

The District Court in its order and decree of May 28, 1951 reserved jurisdiction over the Hartford Liquidation Trust and its Trustees. The order from which this appeal was taken was entered by the District Court in those same proceedings.

From a careful reading and consideration of the record in this case we can not say that the findings of the District Court were clearly erroneous under the circumstances shown by the evidence, and we can not say that the conclusions of law were not adequately supported by the findings.

The order of the District Court is

Affirmed.