W. Willard **WIRTZ**, Secretary of Labor, United States Department of Labor, Washington, District of Columbia

v.

**LOCAL UNION 611, INTERNATIONAL HOD CARRIERS' BUILDING AND COMMON LABORERS' UNION OF AMERICA.**

Civ. No. 9512.

United States District Court
D. Connecticut.

May 11, 1964.

Charles Donahue, Sol., James R. Beaird, Acting Associate Sol., Thomas L. Thistle, Regional Atty., U. S. Dept. of Labor, Boston, Mass., Robert C. Zampano, U. S. Atty., Connecticut, Jos. D. Guilfoyle, Act. Asst. Atty. Gen., Donald B. MacGuineas, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Robert M. Segal, Boston, Mass., Burton M. Weinstein, Saltman & Weiss, Bridgeport, Conn., for defendant.

ANDERSON, Chief Judge.

The defendant's motion for summary judgment is based upon the claim that the time within which the Secretary of Labor is directed to bring an action un-

der § 402(b) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(b)) operates as a statute of limitations. What happened in this case was that a member of defendant Local 611 filed his complaint with the Secretary of Labor on September 12, 1962; an investigation was made and probable cause found. The action, however, was not brought until November 13, 1962, sixty-two days after the filing of the complaint. The statute, § 402(b), in pertinent part says:

> "The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court * * ".

The reason for the bringing of the complaint two days after the sixty days mentioned in the statute was that November 11, 1962 was a Sunday; because Veteran's Day fell on a Sunday, Monday, November 12th, became a Federal holiday. The Office of the Clerk of the United States District Court was closed on that day.

Rule 6 of the Federal Rules of Civil Procedure provides that under such circumstances "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." The defendant argues that the holding of the United States Court of Appeals in Joint Council Dining Car Employees Local 370, Hotel and Restaurant Employees, International Alliance, et al. v. Delaware, L. & W. R. Co., 157 F.2d 417 (2d Cir.1946), prevents the application of Rule 6 to a case of this sort. In that case the court said:

> "Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation."

Section 402(b) was passed after the adoption of Rule 6. It contains no special language to take it out of the operation of Rule 6 nor is § 402(b) couched in the usual language of a statute of repose; rather it is a directive to the Secretary of Labor which, under certain circumstances, he is required to follow. The general thrust of the decisions dealing with the applicability of Rule 6(a) is in the direction of liberality of construction. Union National Bank v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949); Rutledge v. Sinclair Refining Co., 13 F.R.D. 477 (S.D.N.Y.1953).

The motion for summary judgment is denied.