Vergene A. **BOULET**, Plaintiff,

v.

**MILLERS MUTUAL INSURANCE ASSOCIATION OF ILLINOIS, an Illinois Corporation, Defendant and Third-Party Plaintiff,**

v.

Clinton **GROSE** and John E. Von Holtum, Third-Party Defendants.

No. 2–64–Civ. 222.

United States District Court
D. Minnesota,
Second Division.

Sept. 24, 1964.

Richard T. Hefferan, Minneapolis, Minn., for plaintiff.

Robert M. Austin, Minneapolis, Minn., for defendant and third-party plaintiff.

Roderick D. Blanchard, Minneapolis, Minn., for third-party defendants.

LARSON, District Judge.

This cause comes before the Court on a motion by the plaintiff to remand the case to the State district court. The plaintiff contends that the removal petition was not filed within the period allowed by 28 U.S.C. § 1446(b) and that the amount in controversy is less than ten thousand dollars.[1]

This suit was originally commenced by service of a copy of the summons and the complaint on the Minnesota Commissioner of Insurance on July 13, 1964. The papers were then forwarded to the defendant by mail. It received them on July 15 at Alton, Illinois, its principal place of business. Its petition for removal was filed in this court on August 3, 1964, twenty-one days after the service on the Insurance Commissioner. August 2nd was a Sunday, so the first issue presented here is whether Fed.R. Civ.P. 6(a) applies to the time limitation specified in 28 U.S.C. § 1446(b).[2]

 The Court has decided that Rul 6(a) does apply here and that the

---

1. 28 U.S.C. § 1446(b) (1958) provides in part:
 "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."
 28 U.S.C. § 1332(a) requires that the amount in controversy must exceed "the sum or value of $10,000, exclusive of interest and costs * * *."

2. Fed.R.Civ.P. 6(a) provides in part:
 "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. * * *" [Emphasis added]

 The facts also present the problem of whether the twenty day period begins to run from the date on which service is made on the Commissioner of Insurance or from the date on which the defendant actually receives a copy of the complaint. From July 15 to August 3 was a period of only 19 days. My opinion in Benson v. Bradley, 223 F.Supp. 669 (D.Minn. 1963) indicates that the twenty day period does not start to run until the out-of-State defendant actually receives the papers, but my view of the application of Fed.R.Civ. P. 6(a) makes it unnecessary to decide this point.

removal petition was thus timely. There are three reasons for this conclusion.

First, the Rule uses the broad term "any applicable statute" which would appear to make its formula for computing time periods appropriate unless the statute specifically directs or requires a contrary conclusion. The plaintiff has not suggested any reason why the application of Rule 6(a) would be inappropriate here.

Second, there is a substantial body of authority which indicates both that a broad application of Rule 6(a) is needed in order to be consistent with the liberal spirit of the Federal Rules of Civil Procedure and that the formula set out there is the most fair and practical.

The leading case is Union Nat'l Bank of Wichita, Kansas v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949). A petition for certiorari had been filed ninety-one days after the final action in the court below. The statute allowed only ninety days for filing, but the last day of the period had fallen on a Sunday. The Supreme Court held that the filing of the petition was timely, noting that:

"Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631, treating Sunday as a *dies non* under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c), 28 U.S.C.A. § 2101(c). The appeal therefore did not fail for lack of timeliness." [3] (Footnotes omitted.)

Since the adoption of Rule 6(a) its policies have been widely invoked.[4]

Third, the 1963 amendments to Rule 6(a) would seem to reinforce the tradition that has developed. The Rule was broadened so that it applied to the construction of local rules of court and so that it treated Saturdays like other holidays in view of the fact that the clerks of court were recently allowed to close their offices on Saturdays. This would

---

3. 337 U.S. 40–41, 69 S.Ct. 912.

4. 2 Moore, Federal Practice Par. 6.06 (2d ed. 1960) gives the history of the Rule and some of the cases under it. Also see the following cases which are examples of situations in which the principle of Rule 6(a) has been applied:

Sherwood Bros. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162, 163–165 (1940) (statute giving taxpayers ninety days to appeal the imposition of a tax to the Board of Tax Appeals); Johnson v. Fleming, 264 F.2d 322 (10th Cir. 1959) (statute giving sixty days to appeal a claim for old age insurance benefits to District Court); In re Moir Hotel Co., 248 F.2d 454 (7th Cir. 1957) (order of the court giving creditors five years to file claims against corporation in a proceeding under Chapter X of the Bankruptcy Act); Wirtz v. Local Union 611, Int'l Hod Carriers' Building and Common Laborers' Union, 229 F.Supp. 230 (D.Conn.1964) (statute providing that Secretary of Labor should bring an action within sixty days after the filing of a complaint with his department if he finds probable cause that statutory provisions have been violated); Rutledge v. Sinclair Refining Co., 13 F.R.D. 477 (S.D.N.Y.1953) (statute requiring suits on causes of action under the Jones Act to be brought within three years).

appear to firmly embrace the liberal application of the principles embodied in Rule 6(a).

■ The plaintiff also argues that the amount in controversy is less than $10,-000. A verdict was returned against her in a State court proceeding for $7,-900.50. She seeks this sum plus interest, costs and attorney's fees of $3,300. Thus the judgment requested here is over $11,-000, but the plaintiff suggests that only the amount of the verdict should be considered in determining whether the requirements of 28 U.S.C. § 1332(a) are met.

Insofar as the issue involves the money comprising interest on the original verdict which was added to the judgment against the plaintiff, the answer was given in Brown v. Webster, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440 (1895). The Court said:

"The demand of the plaintiff was for damages in the sum of $6,000. This was the principal controversy. It is insisted, however, that as, under the law of Nebraska, damages in case of eviction involved responsibility only for the return of the price, with interest thereon, and the price here was only $1,200, the sum in controversy could not exceed $2,000, exclusive of interest; that is to say, as the measure of the damage was price and interest, the price being below $2,000, the jurisdictional amount could not be arrived at by adding the interest to the price. This contention overlooks the elementary distinction between interest as such and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand. As we have said, the recovery sought was not the price and interest thereon, but the sum of the damage resulting from eviction. All such damage was therefore the principal demand in controversy, although interest and price and other things may have constituted some of the elements entering into the legal unit, the damage which the party was entitled to recover. * * * Indeed, the confusion of thought which the assertion of want of jurisdiction involves is a failure to distinguish between a principal and an accessory demand. The sum of the principal demand determines the question of jurisdiction. The accessory or the interest demand cannot be computed for jurisdictional purposes." [5]

Exactly the same reasoning applies to attorney's fees and costs.[6] Thus the total judgment sought by the plaintiff meets the requirements of 28 U.S.C. § 1332(a).

The Court concludes that removal was proper and plaintiff's motion to remand must therefore be denied.

---

5. 156 U.S. 329–330, 15 S.Ct. 377. Also see: Richie v. Richie, 186 F.Supp. 592 (E.D.N.Y.1960); 1 Moore, Federal Practice Par. 0.99 [1] (2d ed. 1960).

6. Allstate Ins. Co. v. Dillard, 190 F.Supp. 111 (E.D.Pa.1960); 1 Moore, Federal Practice Par. 0.99 [2] (2d ed. 1960) and cases there cited.

The plaintiff alleges that the defendant was required by the terms of its insurance contract with her to defend the State court action against her, so that it is contractually liable for her attorney's fees and costs there.