**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**PENINSULA SHIPBUILDERS ASSOCIATION, Appellee.**

**No. 11160.**

United States Court of Appeals Fourth Circuit.

Argued April 5, 1967.

Decided Aug. 29, 1967.

Morton Hollander, Atty., Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., David L. Rose and Robert E. Kopp, Attys., Dept. of Justice, and C. Vernon Spratley, Jr., U. S. Atty., on brief), for appellant.

Herbert V. Kelly, Newport News, Va. (Jones, Belchman, Woltz & Kelly, Newport News, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

The Secretary of Labor appeals from the District Court's order dismissing for lack of jurisdiction a complaint filed by the Secretary charging Peninsula Shipbuilders Association, a labor union, with violations of section 401 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481.

Under section 402(a) of the Act, 29 U.S.C. § 482(a), any union member, after exhausting available intra-union remedies, "may file a complaint with the Secretary [of Labor] within one calendar month thereafter alleging the violation of any provision of section * * * [401] * * *." After investigating the complaint, the Secretary, "if he finds probable cause to believe that a violation * * * has occurred and has not been remedied, * * shall, *within sixty days after the filing of such complaint,* bring a civil action against the labor organization * * * in the district court * * *." (Emphasis added). Section 402(b), 29 U.S.C. § 482(b).

On April 27, 1966, certain Peninsula members filed a complaint with the Secretary in accordance with section 402 (a), alleging violations of the fair election provisions contained in section 401. The Secretary, upon investigation, found that probable cause existed to believe that the Act had been violated and, on Monday, June 27, 1966, he filed a complaint in the District Court. Peninsula moved to dismiss the complaint on the ground that it had not been filed within 60 days after the complaint was lodged by its members with the Secretary. The motion was granted, and this appeal followed.

■ The Secretary concedes, as he must, that to have complied literally with section 402(b) he should have filed the complaint no later than Sunday, June 26. To excuse the delayed filing—on Monday, June 27, instead of Sunday, June 26—he invokes Fed.R.Civ.P. 6(a), which provides in pertinent part that:

"COMPUTATION. In computing any period of time prescribed or al-

lowed by these rules * * * or by any applicable statute * * *. [t]he *last day of the period so computed shall be included, unless it is a* Satur-day, a *Sunday,* or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holi-day." (Emphasis added).

To support application of Rule 6(a), the Secretary relies upon Union National Bank of Wichita, Kan. v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), in which a writ or certiorari was applied for one day after expiration of the 90 day statutory period, the 90th day falling on a Sunday. In holding the appeal timely, the Court said:

"Rule 6(a) of the Rules of Civil Pro-cedure, 28 U.S.C.A., provides that where the last day for performance of an act falls on a Sunday or a legal holi-day, performance on the next day which is not a Sunday or legal holiday is timely. [Footnote omitted.] That rule provides the method for compu-tation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, [footnote omitted] and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c) [establishing the 90 day period for a writ of certiorari]." 337 U.S. at 40–41, 69 S.Ct. at 913.[1]

The District Court, agreeing with Peninsula, distinguished *Lamb* on the ground that the rule of that case applies only to proceedings had after the institu-tion of suit, such as the taking of an appeal, and has no application to the late institution of an action. They rely on the decision in Joint Council, etc. v. Del-aware L. & W. R.R., 157 F.2d 417 (2d Cir. 1946), which involved the two year limitations period for enforcement of an award of the National Railroad Adjust-ment Board. The award was entered on June 11, 1943, and the railroad had to comply "on or before August 16, 1943." As compliance was not forthcoming, an action was commenced by the filing of a complaint and service of summons on August 17, 1945. The district court clerk's office was closed on August 15 and 16, these two days having been de-clared legal holidays by the President in honor of "V-J Day."

The Court stated that Rule 6(a) would not apply to excuse the late filing. It said:

Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applica-ble to such proceedings. It is not in-tended to modify and change existing statutes of limitation." 157 F.2d at 420. (Citations omitted).

While it is difficult conceptually to dis-tinguish between commencing an action in the district court—a traditional "stat-ute of limitations" question—and taking an appeal to the Supreme Court, since both relate equally to invoking judicial jurisdiction, it is sufficient to point out that this statement by the Second Circuit is pure dictum. Actually the court held that since the railroad had the entire day of August 17, 1943 to comply with the award, the two year limitations period did not expire until midnight, August 17, 1945, and that the action therefore was timely. The district court, assuming that the action had to be commenced no later than August 16, 1945, declared that Rule 6(a) could not be used to extend a statute of limitations. The Second Circuit merely agreed with the district

1. In Wirtz v. Local Union 611, 229 F. Supp. 230 (D.Conn.1964), the court, rely-ing on *Lamb* employed the Rule 6(a) method of time computation in interpret-ing section 402(b). See also Wirtz v. Local Union 169, 246 F.Supp. 741, 750–751 (D.Nev.1965) (Rule 6(a) used to compute the "one calendar month" provi-sion of section 402(a)).

court's interpretation of Rule 6(a), but did not base its decision on this ground.[2]

Moreover, in the above quoted language from *Joint Council*, the court stated only that Rule 6(a) was not intended to alter "existing" statutes of limitation. While the section of the Railway Labor Act involved in *Joint Council* was enacted before Rule 6(a), the statutory provisions relevant to our case came into being long after enactment of the Federal Rules of Civil Procedure in 1938. This view of the sweep of the language in *Joint Council* is consistent with the Supreme Court's recognition in *Lamb* that Rule 6(a) has the concurrence of Congress and that, there as here, no contrary policy of strict interpretation is expressed in the governing statute.[3] In fact, section 402(b) is not even couched in the usual language of a statute of repose; rather, it is a directive to the Secretary which, under certain circumstances, he must follow. See Wirtz v. Local Union 611, 229 F.Supp. 230, 231 (D.Conn.1964).

 We are of the opinion that computation of the 60 day time limit of section 402(b) in the manner prescribed by Rule 6(a) is both consistent with the express language and purpose of the rule and in accord with the policy underlying the Landrum-Griffin Act—the vindication of union members' rights.[4]

2. The authority of *Joint Council* is further undercut by the fact that Judge Jerome Frank concurred separately in the result, refusing to join in the majority's interpretation of Rule 6(a). See Rutledge v. Sinclair Refining Co., 13 F.R.D. 477 (S.D.N.Y.1953) (Weinfeld, D. J.).

3. Since *Lamb*, the courts of appeals have consistently held conduct timely if performed on the subsequent Monday when the applicable time limit terminated on Sunday, regardless of the nature of the time limit. See, e. g., Johnson v. Fleming, 264 F.2d 322 (10th Cir. 1959) (initial filing in district court of suit seeking social security benefits after denial of benefits by Secretary of Health, Education and Welfare); United States v. Peters, 220 F.2d 544 (10th Cir. 1955) (initial filing of refund claim with Collector of Internal Revenue); Wilkes v. United States, 192 F.2d 128 (5th Cir.

The order of the District Court dismissing the action is reversed and the case is remanded for further proceedings.

Reversed and remanded.

1951) (appeal to court of appeals from adverse Tax Court decision); United States v. Cia Luz Stearica, 181 F.2d 695 (9th Cir. 1950) (appeal to court of appeals from adverse district court decision); Simon v. Commissioner of Internal Revenue, 176 F.2d 230 (2d Cir. 1949) (appeal to court of appeals from adverse Tax Court decision). See also Boulet v. Millers Mutual Ins. Ass'n of Ill., 36 F.R.D. 99 (D.Minn.1964) (filing of removal petition); Rutledge v. Sinclair Refining Co., 13 F.R.D. 477 (S.D.N.Y.1953) (initial filing in district court of Jones Act wrongful death action); 2 J. Moore, Federal Practice ¶ 6.06 (2d ed. 1965).

4. That the Act did not contemplate precision limiting filing to the exact day is reflected by the "one calendar month" provision in section 402(b), which can mean anything from 28 to 31 days.