Gregory LAWSON, Plaintiff-Appellant,

v.

CONYERS CHRYSLER, PLYMOUTH,
AND DODGE TRUCKS, INC.,
Defendant-Appellee.

No. 78–3508
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1979.

LeRoy W. Robinson, Jr., Gainesville, Ga., for plaintiff-appellant.

Jeffrey M. Starnes, Conyers, Ga., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

GODBOLD, Circuit Judge:

Lawson purchased a pickup truck from appellee on January 31, 1977. On January 31, 1978, the anniversary date of his purchase, Lawson filed suit under the Truth in Lending Act, 15 U.S.C. § 1640(e), for monetary damages. Appellee moved to dismiss on the ground that the one-year statute of limitations had run. The district court concluded that the date of the transaction, January 31, 1977, is included in counting the one-year period and that 366 days had elapsed before the complaint was filed, and the court dismissed the complaint. We reverse.

The applicable statute of limitations provides that

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

15 U.S.C. § 1640(e). Lawson argues that in computing the one-year period the day of the transaction is excluded and the last day of the period is included. We agree. Rule 6(a) of the Federal Rules of Civil Procedure provides in part that

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

While there is some disagreement over whether the method of computing time prescribed in Rule 6 should be used for computing time periods contained in federal statutes of limitations, most courts have fol-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

lowed Rule 6's computation method. C. Wright & A. Miller, Fed.Practice & Procedure § 1163.[1] This court has consistently used Rule 6(a)'s method for computing federal statutory time limitations. *J. Aron & Co., Inc. v. S/S Olga Jacob,* 527 F.2d 416, 417 (CA 5, 1976); *Wilkes v. U. S.,* 192 F.2d 128, 129 (CA 5, 1951); *Rimmer v. U. S.,* 172 F.2d 954, 958–59 (CA 5, 1949). Although none of our cases deals with the time limitations in the Truth in Lending Act we see no reason to depart from the general rule in this case. Indeed, Rule 6(a) is particularly appropriate in light of the remedial purposes of the Act, *see Mourning v. Family Publications Service,* 411 U.S. 356, 363–65, 93 S.Ct. 1652, 1657–1659, 36 L.Ed.2d 318, 326–27 (1973).

The district court and the appellee rely principally on the Sixth Circuit's decision in *Wachtel v. West,* 476 F.2d 1062 (CA 6, 1973). In *Wachtel,* the court stated

> that a credit transaction which requires disclosures under the Act is completed when the lender and borrower contract for the extension of credit. The disclosures must be made sometime before this event occurs. If the disclosures are not made, this violation of the Act occurs, at the latest, when the parties perform their contract. . . . In the present case performance of the contract and violation of the disclosure requirement took place on October 28, 1970, and the one-year statute of limitations began to run on that date. This action, filed one year five months and 28 days later, was barred.

*Id.* at 1065–66. Appellee relies on the language that the one-year statute of limitations began to run on the date the transaction occurred. As Judge Henderson noted in *Thomas v. Credithrift of America, Inc.,* No. C–76–964–A (N.D.Ga., May 24, 1978), "[s]imple arithmetic discloses that the 'one year five months and 28 days later' is com-

puted by the *Wachtel* court as beginning on October 29, 1970." The complaint in *Wachtel* was filed April 25, 1972. The *Wachtel* court obviously was computing the time period under the standards of Rule 6(a). We conclude that the complaint filed in this case, on the anniversary of the transaction date, was timely filed.

The district court is REVERSED and the cause REMANDED.

---

1. Some courts have concluded that Rule 6 does not apply to federal statutes of limitations because the Rule applies only to time periods after the commencement of a lawsuit. The statute of limitations period refers to events occurring prior to the commencement of a lawsuit. *See Joint Council Dining Car Employees, Local 370 v. Delaware, L. & W. R.R.,* 157 F.2d 417 (CA 2, 1946). This argument has been called "somewhat metaphysical." C. Wright & A. Miller, *supra* at § 1163.