**Shirley M. McMILLON**

v.

**BUDGET PLAN OF VIRGINIA et al.**

**Civ. A. No. 80–0365–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 12, 1980.

Henry W. McLaughlin, III, Neighborhood Legal Aid Society, Inc., Richmond, Va., for plaintiff.

William S. Burton, Petersburg, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

This case now comes before the Court on the defendants' motion to dismiss for lack of jurisdiction. In pleadings filed 27 June and 25 August, the defendants argue that the plaintiff failed to file her complaint within the time limit set forth in 15 U.S.C. § 1640(e) of the Truth-in-Lending Act. That section provides as follows:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

The credit transaction at issue in this case was entered into on 10 May 1979. The complaint was filed on 12 May 1980. The defendants submit that the time period for filing began on 10 May 1979 and ended on 9 May 1980. The latter day was a Friday and a regular working day for the Court.

The plaintiff acknowledges in her reply brief that her complaint can be considered timely only if Fed.R.Civ.P. 6(a) applies to extend the period of time within which a complaint may be filed under § 1640(e). Assuming for the moment that Rule 6(a) does apply in the circumstances of this case, the date of the credit transaction, 10 May 1979, would not be included in calculating the running of one year. The one-year period would therefore commence on 11 May 1979 and end on 10 May 1980. The ending date using this method of computa-· tion was a Saturday. Again relying upon Rule 6(a), the plaintiff would be entitled to file her complaint on the following Monday, 12 May, as she did.

There is a split in authority among the Circuits which have considered whether Rule 6(a) applies to computations of the time limits set in § 1640(e), and there is no Fourth Circuit decision directly on point. The Sixth Circuit has held that Rule 6(a) does not apply to § 1640(e) computations because § 1640(e) expressly states that the action must be brought within one year from the *date of the occurrence of the violation. Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118, 1119–1120 (6th Cir. 1980). In *Rust*, the credit transaction took place on 1 July 1976 and a complaint filed 1 July 1977 was ruled untimely. The Third Circuit agrees that the statutory time limitation in § 1640(e) begins to run on the date that the contract was executed. *Bartholomew v. Northampton National Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978).

The contrary view has been adopted by the Fifth Circuit in *Lawson v. Conyers Chrysler, Plymouth, and Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir. 1979). The credit transaction in *Lawson* took place on 31 January 1977. The complaint was filed on 31 January 1978. The Fifth Circuit con-

cluded that the complaint was timely filed since Rule 6(a) applied and required that "in computing the one-year period the day of the transaction is excluded and the last day of the period is included." *Id.* at 465. As noted in *Lawson*, the Fifth Circuit has consistently used the Rule 6(a) method for computing federal statutory time limitations. *Id.* at 466. *See also, Paynter v. Chesapeake & O. Ry.*, 60 F.R.D. 153, 156–57 (W.D.Va.1973).

The defendants here argue that the time limit set forth in § 1640(e) is a condition of liability rather than a statute of limitations. According to the defendants, the Court is without jurisdiction over any complaint brought more than one year after the date of contracting. They reason further that since Rule 6 can only apply after the Court has jurisdiction, the plaintiff may not take advantage of its provisions to save a complaint which would not otherwise meet the requirements of § 1640(e). In support of their argument, the defendants rely heavily on *Willis v. Weinberger*, 385 F.Supp. 1092 (E.D.Va.1974), in which Judge Merhige determined that compliance with a 60-day period set for obtaining review of a final social security decision was a condition of liability. The Court does not lightly depart from the approach taken in *Willis.* However, the rights of persons under the Truth-in-Lending Act ought not to be governed by the overly technical distinctions drawn in *Willis* and, more to the point, *Rust* and *Bartholomew.* Regardless of whether the one year provision in Section 1640(e) is viewed as a condition of liability or a period of limitation, the method for computing the passage of one year should be that prescribed by Rule 6(a). *See* Wright & Miller, *Federal Practice and Procedure: Civil § 1163.* Litigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights. Therefore, the "condition of liability" distinction should properly give way to a uniform method of computing time limits both for commencing and proceeding with litigation.

This position finds support in *Wirtz v. Peninsula Shipbuilders Association*, 382 F.2d 237 (4th Cir. 1967). In that case, the Fourth Circuit held that Rule 6(a) applied to the computation of a statutory time limit found in the Labor Management Reporting and Disclosure Act. *Id.* at 240. The Circuit Court stated the view that Rule 6(a) attaches to any statutory time limits enacted after the adoption of the Federal Rules of Civil Procedure in 1938, unless a "contrary policy of strict interpretation is expressed in the governing statute." *Id.* It is worth noting that the defendants in *Wirtz* argued that Rule 6(a) applies only to proceedings had after the institution of suit. *Id.* at 239. The argument was rejected in *Wirtz*, and it is rejected here.

Federal Rule of Civil Procedure 6(a) provides a standard reference for computing time limits found in federal statutes. Applying the provisions of Rule 6(a) to the time limit set forth in 15 U.S.C. § 1640(e), the Court holds that the complaint herein was timely filed. The defendants' motion to dismiss for lack of jurisdiction is accordingly DENIED.

And it is so ORDERED.