**UNITED VAN LINES, INC., Plaintiff,**

v.

**Salli ANDERSON, Defendant.**

**Civ. A. No. 2:92–0606–18.**

United States District Court,
D. South Carolina,
Charleston Division.

Oct. 2, 1992.

---

David Popowski, Charleston, S.C., for plaintiff.

A. Christopher Potts, Charleston, S.C., for defendant.

## ORDER

NORTON, District Judge.

This matter is before the court on defendant's motion for partial summary judgment and plaintiff's motion for summary judgment.

### I. *Background*

Defendant, Salli Anderson, contracted with plaintiff, United Van Lines, Inc., to move her household goods from Upland, California to Ladson, South Carolina. Golden Eagle Moving Services, Inc. began the move on March 26, 1991. Defendant received her goods on April 4, 1991. In a letter dated December 21, 1991, defendant claimed that plaintiff owed her for loss and damage to her household goods. On December 31, 1991, defendant mailed this letter by certified mail to plaintiff. Plaintiff received defendant's claim on Monday, January 6, 1992.

The bill of lading, which is the contract between the parties, provides that claims must be filed within nine months after delivery. Contract, § 6. Pursuant to 28 U.S.C. § 2201, plaintiff requests that this court bar defendant's claim for loss and damage because the claim was not timely filed. In defendant's amended answer, defendant requested that this court declare that her claim was timely and award her $40,000.00 for loss and damage to her household goods. Defendant then moved for partial summary judgment as to the timeliness of her claim. Plaintiff also moved for summary judgment on this issue and requested that this court dismiss defendant's amended counterclaim.

### II. *Standard of Review*

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact...." Fed.R.Civ.P. 56(c). In evaluating a motion for summary judgment, this court must view the record in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir.1990). The judge is not to weigh the evidence himself but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party is entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### III. *Applicable Law*

This court has jurisdiction pursuant to 28 U.S.C. § 1337. This statute grants original jurisdiction to federal district courts for cases brought pursuant to 49 U.S.C. § 11707 where the amount in controversy exceeds $10,000.00. The only issue before this court is whether the defendant timely filed her claim with plaintiff.

Contracts or bills of lading between common carriers and shippers must conform with the requirements of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707. According to this statute, a carrier "may not provide by ... contract ... a period of less than 9 months for filing a claim against [the carrier] under this section...." 49 U.S.C. § 11707(e).

According to the contract between the parties in the instant case,

> a claim for any loss or damage, injury or delay, must be *filed in writing with the carrier within nine (9) months after delivery to consignee* as shown on face hereof ... Where a claim is not filed ... in accordance with the foregoing provisions, carrier shall not be liable....

Contract, § 6 (emphasis added). Thus, the language of the contract, as written by the carrier, conforms with the minimum requirements of the Carmack Amendment.

The initial question is on what date the nine month period began to run. The reasoning of the district court in *Inland Steel Corp. v. Consolidated Rail Corp.*, 714 F.Supp. 389 (N.D.Ind.1989) is persuasive. According to the *Inland Steel* court,

> [t]he language states after delivery so the nine-month period should not begin to run until the day after delivery. [Cite omitted]. If the parties would have wanted the delivery date included in the nine-month period the document could have been drafted to so state.

*Id.* at 391–392. *Cf. United States v. Barber*, 24 F.Supp. 229, 231 (D.Md.1938) ("where a period of time is to be computed from or after a specified act or event, as a general rule, the day of the act or event is excluded and the last day of the period included, in accordance with the general rule of exclusion and inclusion....").

The clear language of the parties' contract provides that the nine month period begins *"after delivery."* The parties do not dispute that the defendant received her goods on April 4, 1991. Thus, the nine month period commenced on April 5, 1991, the day after delivery.

The next question is when was the claim filed. "A paper is not considered 'filed' until it has been delivered to and received by the party with whom it is to be filed." *Inland Steel*, 714 F.Supp. at 392, citing

*Pathway Bellows, Inc. v. Blanchette*, 630 F.2d 900, 902 (2d Cir.1980), *cert. denied*, 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981); *Trent Coal, Inc. v. Day*, 739 F.2d 116, 117 (3d Cir.1984).

The parties' contract provides that the claim must be filed in writing with the carrier. Defendant mailed her letter on December 31, 1991. Plaintiff received this letter by certified mail on January 6, 1992. For the purposes of the parties' contract and according to the parameters of the Carmack Amendment, defendant's claim was filed on January 6, 1992.

At the core of the parties' dispute is the date the nine month period ended. Sunday, January 5, 1992 is exactly nine months after April 5, 1991. Plaintiff received defendant's claim on Monday, January 6, 1992 by certified mail. Obviously, plaintiff argues that the nine month period ended on Sunday, January 5, 1992 and therefore the claim was not timely filed. Defendant asserts that the last day of a claim period is actually Monday, January 6, 1992, reasoning that the last day of the period cannot fall on a weekend.

Neither the contract nor the Carmack Amendment addresses this issue. Plaintiff's tariffs, on file with the Interstate Commerce Commission, do not specifically address this issue.[1] Defendant argues that Fed.R.Civ.P. 6(a) provides the missing formula.

> In computing any period of time prescribed ... by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday....

Fed.R.Civ.P. 6(a). As defendant notes, Rule 6(a) controls "any applicable statute." Because Congress ratified Rule 6(a), the "considerations of liberality and leniency"

---

1. According to plaintiff, the claim form submitted by defendant states that

> ICC Regulations require that any claim for loss, damage or delay must be submitted in writing by claimant within 9 months from the date of delivery.

Plaintiff's motion for summary judgment, at 3. This statement does not address the "weekend" issue.

of Rule 6(a) apply except when a contrary policy is expressed in the governing statute. *Union Nat'l Bank of Wichita, Kansas v. Lamb,* 337 U.S. 38, 40, 69 S.Ct. 911, 913, 93 L.Ed. 1190 (1949). The Fourth Circuit applied the principles of Rule 6(a) to the Labor–Management Reporting and Disclosure Act of 1959 in *Wirtz v. Peninsula Shipbuilders Ass'n,* 382 F.2d 237 (4th Cir. 1967). Other circuits have applied Rule 6(a) or at least the principles of Rule 6(a) to various federal statutes. *Maahs v. United States,* 840 F.2d 863, 866 (11th Cir.1988) (Federal Tort Claims Act); *Hart v. United States,* 817 F.2d 78 (9th Cir.1987) (Federal Tort Claims Act); *Frey v. Woodard,* 748 F.2d 173 (3d Cir.1984) (Federal Tort Claims Act); *In re Gotham Provision Co., Inc.,* 669 F.2d 1000 (5th Cir.1982), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (Packers and Stockyards Act); *Johnson v. Flemming,* 264 F.2d 322 (10th Cir.1959) (Social Security Act); *Moir Hotel Co. v. First Nat'l Bank of Chicago,* 248 F.2d 454 (7th Cir.1957) (Corporate Reorganization Proceedings); *Joint Council Dining Car Employees Local 370 v. Delaware L. & W. R. Co.,* 157 F.2d 417 (2d Cir.1946) (Railway Labor Act).

Plaintiff, however, argues that Rule 6(a) applies *only* to statutes enacted after the promulgation of Rule 6(a) in 1938. Plaintiff asserts that these cases indicate that Rule 6(a) is inapplicable to statutes unchanged since the promulgation of Rule 6(a). Since, according to plaintiff, the claim period provision of 49 U.S.C. § 11707(e) has not been substantively amended since 1930, this court cannot apply Rule 6(a), or the principles of Rule 6(a), to the claim period. Despite its logical appeal, there are several problems with plaintiff's argument.

This court infers from the reasoning of the *Lamb* court that the principles of Rule 6(a) apply to statutes enacted after the promulgation of Rule 6(a). *Lamb,* 337 U.S. at 39–43, 69 S.Ct. at 912–913.[2] This does not necessarily mean, as plaintiff argues, that the principles of Rule 6(a) *only* apply to statutes enacted after 1938.

In *Wirtz,* the Fourth Circuit held that computation of the 60 day time limit of section 402(b) [of the Labor–Management Reporting and Disclosure Act of 1959] in the manner prescribed by Rule 6(a) is both consistent with the express language and purpose of the rule and in accord with the policy underlying the Landrum–Griffin Act—the vindication of union members' rights.

*Wirtz,* 382 F.2d at 240. In reaching this decision, the *Wirtz* court re-printed the Second Circuit's interpretation of Rule 6(a):

Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation.

*Id.* at 239 citing *Joint Council,* 157 F.2d at 420. The Fourth Circuit commented that "this statement by the Second Circuit is pure dictum" and that the Second Circuit "stated only that Rule 6(a) was not intended to alter 'existing' statutes of limitation." *Wirtz,* 382 F.2d at 239–240.[3] The Fourth Circuit noted that the "statutory provisions relevant to our case came into being long after enactment of the Federal Rules of Civil Procedure in 1938." *Wirtz,* 382 F.2d at 240. From the *Wirtz* court's holding *and* dicta, one can conclude that the principles of Rule 6(a) apply to statutory provisions enacted after the promulgation of

**2.** The *Lamb* court was concerned with 28 U.S.C. § 2101(c), which was enacted in 1948. *Lamb,* 337 U.S. at 39, 69 S.Ct. at 912. The Court stated that

[s]ince [Rule 6(a) ] had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c)....

*Id.* 337 U.S. at 40, 69 S.Ct. at 913.

**3.** In *Joint Council* the court actually held that since the railroad had the entire day of August 16, 1943 to comply with the award, the two year limitations period did not begin until August 17, 1943 and did not expire until midnight, August 17, 1945. *Joint Council,* 157 F.2d at 421. The action was therefore timely. *Id.*

Rule 6(a) in 1938. However, as with *Lamb*, this does not necessarily mean that the converse is true, i.e., that the principles of Rule 6(a) *only* apply to statutes unchanged since the promulgation of Rule 6(a).

Several district courts have stated that Rule 6(a) or at least the principles of Rule 6(a) apply to statutes enacted, re-enacted or amended after the promulgation of Rule 6(a). *Inland Steel*, 714 F.Supp. at 393 ("legislative intent to apply Rule 6(a) to all federal statutes enacted or amended subsequent to Rule 6(a)'s promulgation"); *Kirby v. United States*, 479 F.Supp. 863, 866 (D.S.C.1979) (Rule 6(a) has legislative authority and the rule's fair and practical provisions should be applied in construing statutes of limitation); *Rodriguez v. United States*, 382 F.Supp. 1, 2 (D.P.R.1974) (the applicable section of the Federal Tort Claims Act "was enacted in 1966 without any indication that the policy of Rule 6(a) of the Federal Rules of Civil Procedure in effect at that time, should not apply").

However, these cases do not stand for the proposition that Rule 6(a) or the principles of Rule 6(a) *only* apply to statutes enacted or amended since 1938. In fact, the *Inland Steel* court held that Rule 6(a), or at least the standard stated in Rule 6(a), applied to 49 U.S.C. § 11707(e).[4] According to that court, this interpretation of such contractual limitations comported with a "general policy of finding a legislative intent to apply Rule 6(a) to all *federal statutes enacted or amended subsequent to Rule 6(a)'s promulgation.*" *Id.* (emphasis added). Plaintiff argues that *Inland Steel* was wrongly decided because 49 U.S.C. § 11707 was not enacted or amended subsequent to Rule 6(a)'s promulgation. Plaintiff's evaluation of *Inland Steel* is accurate only if one accepts plaintiff's premise that Rule 6(a) or its principles only apply to statutes unchanged since 1938. This court does not adopt that premise.

Even if this court were to accept plaintiff's premise, plaintiff must then show that the Carmack Amendment has not changed since 1938. The nine month rule has not changed since 1930, although that section of the act has been amended since 1930.[5] The statute was re-codified in 1978. P.L. No. 95–473, 92 Stat. 1466, 1470 (1978).

The Fourth Circuit noted that "the statutory provisions relevant to our case came into being long after enactment of the Federal Rules of Civil Procedure in 1938." *Wirtz*, 382 F.2d at 240. From this statement, one can infer that a court should only consider the date of passage of the specific statutory section. However, the Fourth Circuit further stated that

> [t]his view of the sweep of the language in *Joint Council* is consistent with the Supreme Court's recognition in *Lamb* that Rule 6(a) has the concurrence of Congress and that, there as here, no contrary policy of strict interpretation is expressed in the governing statute.

*Wirtz*, 382 F.2d at 240. Thus, in *Lamb* and *Wirtz*, Congress concurred by silence.

As noted above, the Carmack Amendment was re-codified, but not substantively changed, in 1978. Congress could have included a contrary amendment at that time but chose not to do so. Thus, even if Rule 6(a) only applies to statutes amended after 1938, this court finds that the re-codification of the Carmack Amendment suffices as an expression of Congressional intent that Rule 6(a) or its principles applies to that statute.

Even if this court were to accept plaintiff's argument, the result would be the same, since Rule 6(a)'s predecessor, Equity

---

**4.** "[W]here the last day of a contractual period of limitations falls on a Saturday, Sunday, or a legal holiday, the claim period does not conclude until midnight of the next business day." *Inland Steel*, 714 F.Supp. at 393.

**5.** Congress amended the Interstate Commerce Act in 1930 to extend the time for filing claims from four months to nine months. Act of April 23, 1930, ch. 1, 46 Stat. § 251 (1930) (49 U.S.C.

§ 20(11), repealed 1978). That section provided that

> it shall be unlawful for any ... carrier to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months....

*Id.* This section was amended again in 1935 and 1940, and re-codified in 1978 pursuant to P.L. No. 95–473, 92 Stat. 1466, 1470 (1978) (codified at 49 U.S.C. § 11707).

Rule 80, would control the parties' contract. Former Equity Rule 80 excluded Sundays. Notes of Advisory Committee on Rule 6(a), 1937 Adoption. Since the final day of the nine month period fell on a Sunday, under Equity Rule 80 the claim would still be considered timely if received on Monday, January 6, 1992.

Lastly, "considerations of liberality and leniency" require that this court consider defendant's claim timely. *Lamb*, 337 U.S. at 41, 69 S.Ct. at 913. The post office does not deliver mail on Sunday. Plaintiff does not receive mail on Sunday. Thus, if Rule 6(a) or its principles did not apply, defendant, through no fault of her own, would effectively be deprived of the full nine months grace period provided by the contract.

> Litigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights.

*M. McMillon v. Budget Plan of Virginia*, 510 F.Supp. 17, 19 (E.D.Va.1980).

Therefore, Rule 6(a), or at least the principles of Rule 6(a), applies to contracts written pursuant to 49 U.S.C. § 11707. The last day of the nine month period fell on Monday, January 6, 1991 and plaintiff received defendant's claim on that date. It is therefore

ORDERED that plaintiff's motion for summary judgment be DENIED and defendant's motion for partial summary judgment regarding the issue of the timeliness of her claim be GRANTED.

IT IS SO ORDERED.