UNITED STATES of America,
Plaintiff,

v.

FOUST DISTILLING COMPANY, Inc.,
and the Aetna Casualty & Surety
Company, Defendants.

Civ. A. No. 5648.

United States District Court
M. D. Pennsylvania.

Dec. 20, 1960.

Daniel H. Jenkins, U. S. Atty., Scranton, Pa., for plaintiff.

Frank B. Boyle, York, Pa., for defendant, Foust Distilling Co., Inc.

Pope, Ballard & Loos, Washington, D. C., Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendant, The Aetna Cas. & Sur. Co.

FOLLMER, District Judge.

This is a suit by the Government for the recovery of distilled spirits taxes and for recovery under a bond in the sum of $200,000. to secure payment of the taxes. Defendants are Foust Distilling Company, Inc., and The Aetna Casualty & Surety Company, surety on Foust's transportation and warehousing bond.

The Complaint was filed July 11, 1956. Counsel for Aetna entered their appearance on July 31, 1956. Aetna secured, with Court approval, ten separate extensions of time to answer, the last one dated September 17, 1957, read "until further order of this Court."

On August 19, 1957, a Stipulation was filed authorizing sale of warehouse whiskey and the application of the proceeds toward liquidation of the assessed taxes. This Stipulation was signed by the Unit-

ed States Attorney on behalf of the plaintiff and by the proper officers of the two defendants.

On June 29, 1960, Aetna answered setting up a cross-claim against Foust.

On July 28, 1960, Aetna filed application for entry of default against Foust, together with accompanying affidavit.

On August 2, 1960, Foust filed Answer to plaintiff's Complaint and also Aetna's Cross-claim and also set up a Cross-claim against Aetna. This was more than twenty days after Aetna's Cross-claim was filed, i. e., thirty-four days, and was not filed with leave of Court.

On August 9, 1960, Aetna filed affidavit of its Secretary setting forth that there is due from Foust on Aetna's Cross-claim the sum of $186,610.29, together with interest thereon from the time of the several payments.

On August 26, 1960, Aetna filed motion for judgment by default by the Court and set the said motion for hearing at Scranton, on Monday, October 3, 1960, at 11:00 o'clock A.M. On the day set for hearing Foust did not appear either by any of its appropriate officers or by its attorney, nor was any excuse given either by telephone or letter. Upon being reached by telephone, the attorney for Foust, namely, Frank B. Boyle, advised the Clerk that he was unable to appear because of his duties as District Attorney of York County, Pennsylvania.

Inasmuch as the defendant Foust is located in York County, Judge Murphy transferred the case to the writer for further disposition.

The matter was then set down for argument on Aetna's motion for default judgment at Lewisburg, Pennsylvania, on October 27, 1960.

On October 27, 1960, Foust filed paper captioned "Affidavit of Default." Actually this paper is not an affidavit. It is a praecipe directed to the Clerk to enter default on behalf of Foust on its cross-claim against Aetna, to which is added a statement signed by Frank B.

Boyle, Attorney for Foust, which set forth the Foust Cross-claim and that it had not been answered.

Finally, on November 2, 1960, Aetna moved to strike Foust's Answer and Cross-claim, to withhold the entry of default and to strike the affidavit of default.

It would appear from the pleadings that the Government has made complete recovery of its claim for taxes, interest and penalty. It also appears, indeed Foust admits in its Answer, that Aetna made payments under the terms of the aforementioned bond totalling $186,610.-29 from November 27, 1957 to February 25, 1960.

In its Cross-claim Foust bases its claim on the fact that Aetna "arbitrarily and capriciously and without reason on the 6th day of June, 1952, cancelled the warehousing and transportation bond, * * * thereby preventing Foust Distilling Company, Inc. from procuring any further liquor for storage."

Rule 12(a) of the Federal Rules of Civil Procedure provides, inter alia, that: "A party served with a pleading stating a cross-claim against him shall serve an answer thereto within 20 days after the service upon him."

██ Foust's answer to the delay is that Aetna's cross-claim required extensive research and the answer could not be prepared in time. If that were true, Foust made no effort to secure an extension of time which would obviously have been allowed on good and sufficient showing. Permission to plead after the allocated time is a matter for discretion by the trial judge. Orange Theatre Corporation v. Rayherstz Amusement Corporation et al., 3 Cir. (1942), 130 F.2d 185.

Rule 55, "Default," of the Federal Rules of Civil Procedure, in pertinent part, provides as follows:

"(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as pro-

vided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

\* \* \* \* \*

"(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Rule 60 is captioned "Relief From Judgment Or Order;" subparagraph (b) is captioned "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc." The rule fully delineates the method by which relief may be afforded by the court from a final judgment or order for any of the reasons stated.

Foust has not only been grossly dilatory throughout these proceedings but has utterly failed to avail itself of the provisions of Rule 60, supra, if it felt that it would suffer from a judgment improperly entered against it. Entirely aside from Foust's failure to avail itself of the provisions of Rule 60, supra, the Answer which it filed and which is actually not properly of record, is frivolous and without merit. In its Answer Foust frankly admits that the sum sought by Aetna in its cross-claim was paid by Aetna to the United States of America on account of taxes and interest owed by Foust, in compliance with the terms of the said warehousing and transportation bond. It then attempts to defend on the theory that the payments to the Government on account of taxes and interest owing by Foust were not made at the request of Foust, that "the payments that were made were made because of the action of The Aetna Casualty and Surety Company in withdrawing the transportation and warehousing bond, and further that there was no necessity on the part of the Aetna Casualty and Surety Company to withdraw said bond," then Foust alleges a cross-claim for damages it claims to have suf-

fered by reason of its inability to obtain storage holders due to Aetna's cancellation of the said bond.

A little industry on the part of Foust's counsel would or should have disclosed the pertinent regulations of the Internal Revenue Service relating to the warehousing of distilled spirits as follows:

Bureau of Internal Revenue Regulation 10 (1940) Section 185.131, 5 F.R. 1950, 1966 (in effect when bond in question was executed in 1941), to wit:

"Application of the surety for relief from bond. A surety on any bond required by these regulations may at any time in writing notify the principal and the district supervisor in whose office the bond is on file that he desires, after a date named, which shall be at least 60 days after the date of notification, to be relieved of liability under said bond. The notice shall be executed in triplicate by the surety, who shall deliver one copy to the principal and the other two to the district supervisor, who will retain one copy and transmit the remaining copy to the Commissioner. If such notice is not thereafter in writing withdrawn the rights of the principal as supported by said bond shall be terminated on the date named in the notice, and the surety shall be relieved (1) in the case of a transportation and warehousing bond, Form 1571, from liability for spirits received in or consigned to the internal revenue bonded warehouse wholly subsequent to the date named in the notice, \* \* \* "

Section 185.335, 15 F.R. 5262, to wit:

"Transportation and warehousing bonds. Transportation and warehousing bonds, Form 1571, may be terminated as to liability (a) for spirits consigned to the internal revenue bonded warehouse after a specified future date, pursuant to application by the surety as provided in § 185.340, (b) for transactions

subsequent to the effective date of an approved superseding bond, or (c) for future transactions upon discontinuance of business by the principal after withdrawal of all spirits from the warehouse."

Section 185.340, 15 F.R. 5262, to wit:

"Application of the surety for relief from bond. A surety on any bond required by this part may at any time in writing notify the principal and the district supervisor in whose office the bond is on file that he desires, after a date named, which shall be at least 60 days after the date of notification, to be relieved of liability under said bond * * * If the notice is not thereafter in writing withdrawn the rights of the principal as supported by said bond shall be terminated, except as hereinafter provided, on the date named in the notice, and the surety shall be relieved (a) in the case of a transportation and warehousing bond, Form 1571, from liability for spirits transferred or consigned to the internal revenue bonded warehouse wholly subsequent to the date named in the notice * * * "

The latter two regulations were in effect in 1952, the year the bond in question was cancelled, and are practically identical to the 1940 Regulations on the same subject.

The present regulations appear in 26 C.F.R. Sections 225.335 and 225.340 (1954), 19 F.R. 9737, 9758–9, as follows:

"§ 225.335 Transportation and warehousing bonds. Transportation and warehousing bonds, Form 1571, may be terminated as to liability (a) for spirits consigned to the internal revenue bonded warehouse after a specified future date, pursuant to notice by the surety as provided in § 225.340, (b) for transactions subsequent to the effective date of an approved superseding bond, or (c) for future transactions upon discontinuance of business by the

principal after withdrawal of all spirits from the warehouse."

"§ 225.340 Relief of surety from bond. A surety on any bond required by this part may at any time in writing notify the principal and the assistant regional commissioner in whose office the bond is on file that he desires, after a date named, which shall be at least 60 days after the date of notification, to be relieved of liability under said bond. * * * If the notice is not thereafter in writing withdrawn the rights of the principal as supported by said bond shall be terminated, except as hereinafter provided, on the date named in the notice, and the surety shall be relieved (a) in the case of a transportation and warehousing bond, Form 1571, from liability for spirits transferred or consigned to the internal revenue bonded warehouse wholly subsequent to the date named in the notice, * * * * "

 Aetna was completely within its rights in withdrawing the bond in accordance with the provisions of the Regulations of the Bureau of Internal Revenue above set forth.

 Aetna's pleadings are in complete conformity with the Federal Rules of Civil Procedure. Foust, on the other hand, has not only been consistently dilatory in its pleadings but has completely failed to follow the provisions of the Federal Rules of Civil Procedure, to wit: Rule 12(a), Rule 55(a), and Rule 55(c), and now attempts to base a defense to Aetna's cross-claim and attempts to set up its own cross-claim on the withdrawal of bond by Aetna, which was done in complete conformity with the regulations. The equities in this case are all with Aetna.

As to Aetna's motion to strike Foust's Answer to Aetna's Cross-claim and Foust's Cross-claim against Aetna, to withhold the entry of default by Foust against Aetna, and to strike Foust's Af-

fidavit of Default, for the reasons stated above this motion must be granted. Loew's Inc. v. Sanfrebob Theatre Corp., D.C.S.D.N.Y. (1944), 8 Fed.Rules Serv. 55a.21, Case 1.

Aetna's motion for default judgment by the Court in its favor and against Foust in the amount of $186,610.29 with interest from the time of each several payments commencing on November 27, 1957, as shown on list of payments, Exhibit A, of Aetna's Cross-claim, will be granted.