Betty K. TRIVETT et al., Plaintiffs,
Helen Hughes et al., Intervening
Plaintiffs,

v.

TRI–STATE CONTAINER CORP.,
Defendant.

Civ. A. No. 2649.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 18, 1971.

---

Walter L. Price and Frederic H. Brandt, of Bryant, Price, Brandt & Jordan, Johnson City, Tenn., for plaintiffs.

Dick L. Johnson, Simmonds, Herndon, Johnson, Coleman, Brading & McKee, Johnson City, Tenn., for intervening plaintiffs.

H. R. Silvers, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINIONS AND ORDERS

NEESE, District Judge.

This is an action seeking judicial enforcement of the federally-protected civil rights of the plaintiffs under the Equal Employment Opportunities Act, 42 U.S. C. § 2000e et seq. (Title VII, Civil Rights Act of 1964). The defendant moves for a dismissal on the grounds that this Court lacks jurisdiction over the subject matter, Rule 12(b)(1), and for failure to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure.

The defendant is mistaken in its contention that 42 U.S.C. § 2000e–4 allows the Equal Employment Opportunity Commission (EEOC) no more than 90 days following the receipt of a charge of discrimination to give aggrieved persons notice of its inability to obtain voluntary compliance. " * * * [T]he time period within which the Commission must notify the complainant after its attempt to obtain voluntary compliance is nowhere prescribed. Consequently, the statute contains no definite overall time limitation which could bar the instant suit. * * * " Choate v. Caterpillar Tractor Company, C.A. 7th (1968), 402 F.2d 357, 361 [5]; accord: Miller v. International Paper Company, C.A. 5th (1969), 408 F.2d 283, 285–287 [2], Sanchez v. Standard Brands, Inc. C.A. 5th (1970), 431 F.2d 455, 460 [1].

The defendant is also mistaken in its contention that the charges of the plaintiffs, other than the charge of illegal discrimination acts in the company lay-off commencing October 1, 1969, were untimely within the contemplation of 42 U.S.C. § 2000e–5(d). The complaint claims that these violations alleged were constant and continuous, although several specific acts are set forth as illustrative of the pattern. Thus, the 90-day period for filing the charge does not bar this action. Sciaraffa v. Oxford Paper Company, D.C.Me. (1970), 310 F.Supp. 891, 896 [2], citing: Cox v. United States Gypsum Co., C.A.7th (1969), 409 F.2d 289, 290 [3]; Banks v. Lockheed-Georgia Co., D.C.Ga. (1968), 46 F.R.D. 442; Culpepper v. Reynolds Metal Co., D.C.Ga. (1968), 296 F.Supp. 1232, 1236; King v. Georgia Power Co., D.C.Ga. (1968), 295 F.Supp. 943, 946.

The plaintiffs have cured by amendment the defendant's claim that the Court lacks jurisdiction, because the complaint did not allege that the defendant is an "employer" under 42 U.S.C. § 2000e(b), by making such averment. Rule 15(a), Federal Rules of Civil Procedure; Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Ky., C.A.6th (1949), 178 F.2d 570, 573 [3]. This defensive claim is now rendered moot. The filing of the charge within 90 days of the alleged unfair practices need not have been accompanied with the oath required by 42 U.S.C. § 2000e–5(a). Blue Bell

Boots, Inc. v. Equal Employment Opportun. Com'n., C.A. 6th (1969), 418 F.2d 355, 357 [1]; see also Choate v. Caterpillar Tractor Company, *supra,* 402 F.2d at 359 [1]. The plaintiffs were forwarded notice of their right to bring suit on December 22, 1970, and this complaint was filed on January 22, 1971, within 30 days from the receipt of that notice. 42 U.S.C. § 2000e–5(e) required nothing more. *Cf.* Tippett v. Liggett & Myers Tobacco Company, D.C.N.C. (1970), 316 F.Supp. 292, 296 [5]. The addition to the charges of the plaintiffs Ms. Sandra K. Webb, Ms. Ellen Hughes and Ms. Johnnie L. Young after they did not sign the original charges of October 10, 1969, is not a ground for dismissal as to them.

■ There is nothing in the Act indicating that the closure of the administrative file of EEOC herein as to Ms. Jacqueleen Olean Turner, Ms. Mary Lowe Turner and Ms. Josie James, for their failure to cooperate in the investigation, affects adversely their right to join in bringing this action. The only prerequisites to these plaintiffs' right to bring this action were: the invocation of the administrative process within the time limitation, a notification to the aggrieved party by EEOC that it has been unable to obtain voluntary compliance, and commencement of the action within 30 days after the notification. "* * * [I]t would be unnecessarily harsh and in derogation of the interests of those whom the Act was designed to protect to interpret the statutory language as denying substantive rights in the district court because of procedural defects before the Commission. * * *" Choate v. Caterpillar Tractor Company, *supra,* 402 F.2d at 359–360 [2].

■ Finally, "* * * a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. * * *" Conley v. Gibson (1957), 355 U.S. 41,

45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 [4]. It results that the motion of the defendant hereby is

Denied.