Dennis JOHNSON, Plaintiff,

v.

Calvin Lamar HARPER et al.,
Defendants.

John Phillip HULL et ux.,
Plaintiffs,

v.

Calvin Lamar HARPER et al.,
Defendants.

Nos. Civ–4–74–48, Civ–4–74–49.

United States District Court,
E. D. Tennessee,
Winchester Division.

Order Jan. 2, 1975.

Memorandum Opinion Jan. 21, 1975.

Rom L. Meares, Meares & Dungan, Maryville, Tenn., and Billy E. Moore, Columbus, Ga., for plaintiffs.

George W. Carpenter, Thomas, Leitner, Mann, Warner, & Owens, Chattanooga, Tenn., for defendants.

## ORDER

NEESE, District Judge.

It appearing from the respective petitions for removal in each of these actions that each was removed on December 23, 1974,[1] more than 30 days after receipt by the defendants, through substituted service, of copies of the respective initial pleadings herein setting

---

[1]. The respective petitions for removal are dated December 20, 1974, but neither was filed in this Court until December 23, 1974. " 'Filing' means delivery of the paper into the actual custody of the proper officer. * * * " Casalduc v. Diaz, C.C.A.1st (1941), 117 F.2d 915, 916 [1], certiorari denied (1941), 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 512.

" * * * It is essential to the removal of a cause that the petition provided for by the statute be filed * * * within the time fixed by statute, unless the time be in some manner waived. * * * " Southern P. Co. v. Stewart (1917), 245 U.S. 359, 363, 38 S.Ct. 130, 131, 62 L.Ed. 345, 348.

forth the respective plaintiffs' respective claims for relief upon which each such action is based, 28 U.S.C. § 1446(b); and this Court being required to remand a removed case if at any time before final judgment it appears that such case was removed improvidently and without jurisdiction, 28 U.S.C. § 1447(c): it hereby is

Ordered that each of the defendants herein show within 20 days herefrom any cause he or it may have why each of these actions should not now be remanded to the state court of original jurisdiction.

## MEMORANDUM OPINION AND ORDER

This Court ordered on January 2, 1975 that the removing defendants show cause within 20 days therefrom any cause he or it might have why each of these actions should not be remanded to the state court of original jurisdiction. Before the expiration of such allotted period, on application of the respective plaintiffs who seek a judgment for affirmative relief herein, supported by a proper factual affidavit, the clerk entered the defendant's default for failure to plead or otherwise defend as provided by the rules of civil procedure. Rule 55(a), Federal Rules of Civil Procedure. The defendants moved that their default be set aside. Rule 55(c), Federal Rules of Civil Procedure.

■■ Such relief is to be liberally construed in order to provide relief from the onerous consequences of the entry of a default. *Cf*. Rooks v. American Brass Company, C.A.6th (1959), 263 F.2d 166; Schram v. O'Connor, D.C.Mich. (1941), 2 F.R.D. 192. The affidavits submitted by the defendants reflect that there was good cause for their failure to plead or otherwise defend herein in accordance with the rules of civil procedure. Further, the plaintiffs seek in the aggregate damages of $6,250,000; answers were lodged with the clerk only one day following the entry of the defendants' de-

faults; and the plaintiffs have shown no prejudice resulting from the delay. Where a defendant failed to plead in response to a complaint, as amended, within 10 days after the service of the amendment, and the plaintiff moved for a default, and there was no showing that the plaintiff was substantially prejudiced by the delay, this Court afforded the defendant a reasonable opportunity to answer the complaint as amended. Carol B. Sorrell, plaintiff, v. United Inter-Mountain Telephone Company, defendant, no. CIV-2-74-3, memorandum opinion and order of July 18, 1974. Accordingly the defaults of January 9, 1975 herein hereby are

Set aside.

It appears that service of process of the state court in these matters was acknowledged on November 21, 1974 by the Tennessee commissioner of insurance. The petitions for removal of these actions were required to be filed within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleadings setting forth the claims for relief upon which such actions are based. 28 U.S.C. § 1446(b). Rule 6(a), Federal Rules of Civil Procedure provides in pertinent part:

* * * *Computation*. In computing any period of time prescribed or allowed * * * by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday * * *, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. * * *

This Court notices judicially that, under the foregoing computation, the period prescribed by 28 U.S.C. § 1446(b) began to run on Friday, November 22, 1974 and, as December 21, 1974 fell upon a Saturday, ran until Monday, De-

cember 23, 1974. The removal petitions herein were filed on Monday, December 23, 1974.

■ Although the defendants reported on inability to discover an authority concerning the applicability of Rule 6(a), *supra*, to the removal statute, the Court's independent research discloses that such rule has been held applicable thereto. Boulet v. Millers Mut. Ins. Ass'n of Ill., D.C.Minn. (1964), 36 F.R. D. 99. Therein, a district judge held that Rule 6(a), *supra*, applied in a situation where the last day of the period to be computed should be included unless it is a Sunday applied to the time limitation specified in the statute for the removal of a case to federal court. Obviously, the same result must follow under the specific language of the rule, where such last day of the period to be computed under that limitation fell on a Saturday.

■ It was emphasized by Mr. Justice Douglas that " * * * Rule 6(a) * * * provides the method of computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' * * * " Union Nat. Bank of Wichita, Kansas v. Lamb (1949), 337 U.S. 38, 40–41, 69 S.Ct. 911, 912–913[2], 93 L. Ed. 1190. He referred also to the considerations of liberality and leniency which find expression therein. *Ibid.*, 337 U.S. at 41, 69 S.Ct. at 913. " * * * Rule 6(a) should be liberally and realistically construed to accomplish that which the rule recognizes: the general suspension of work and labor upon Sunday[2] and other days set aside for observance of a public purpose. * * * " Prudential Oil and Minerals Company v. Hamlin, C.A.10th (1958), 261 F.2d 626, 627[1]; *accord*: Wirtz v. Local Union 611, International Hod Carriers' Building and Common Laborers' Union of America, D.C.Conn. (1964),

229 F.Supp. 230, 231[1]; *accord*: Anderson v. Stanco Sports Library, Inc., D.C.S.C. (1971), 52 F.R.D. 108. " * * * Having had legislative authorization and approval, Rule 6(a) has the force and effect of a legislative enactment. * * * " Wilkes v. United States, C.A.5th (1951), 192 F.2d 128, 129[1].

The defendants, having shown cause why these actions should not be remanded to the state court of original jurisdiction, a pretrial conference will be assigned at the first convenient time.

---

2. This was written at a time before the word, Saturday, was added to the rule.