James N. **KENNERLY**, Plaintiff,

v.

**ARO, INC.**, Defendant.

No. CIV–4–76–19.

United States District Court,
E. D. Tennessee,
Winchester Division.

Memorandum Opinion Sept. 29, 1976.

Motion for Relief from Default
Dec. 1, 1976.

Motion to Reconsider Dec. 30, 1976.

Motion to Amend Jan. 20, 1977.

On Reconsideration Feb. 9, 1977.

William N. Ozier, Bass, Berry & Sims, Nashville, Tenn. and John L. Stephens, Company Counsel, Arnold Air Force Station, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for injunctive and other equitable relief in redress of the plaintiff's federally-protected civil rights under the Equal Employment Opportunities Act, 42 U.S.C. § 2000e, et seq. (Title VII, Civil Rights Act of 1964). The defendant moved for a dismissal for the plaintiff's failure to state a claim upon which relief can be granted, Rule 12(b)(6), or, alternatively, for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure.

■■■ The defendant's contention that the plaintiff failed to file his charge of discrimination with the Equal Employment Opportunity Commission within the required 180 days of its occurrence * is without merit. Although certain specific examples of racial discrimination against the plaintiff are alleged in the complaint, it is clear that its overall thrust is that of a constant and continuing pattern of discrimination against him because of his race. Specifically, it is averred that " *   *   * over the past several years [the plaintiff] has been denied advancement and of equal opportunities because of his status as a Negro.   *   *   * " In addition, the complaint charges that the defendant " *   *   * has pursued and is presently pursuing a policy, practice, custom and usage of discriminating against and limiting the employment and promotional opportunities of the plaintiff because of his race or color. *   *   * " " *   *   * [A]n EEOC complaint raising claims which may be classified as arising from 'continuing discrimination' is not subject to the strict limitation under the Title VII filing requirements.   *   *   * " *Cisson   v.   Lockheed-Georgia   Company*, D.C.Ga. (1975), 392 F.Supp. 1176, 1180[3–6],

Robert S. Peters, Swafford, Davis & Peters, Winchester, Tenn., for plaintiff.

---

* " *   *   * A charge under this section shall be filed [with the Equal Employment Opportunity Commission] within one hundred and eighty days after the alleged unlawful employment practice   occurred.   *   *   * "   42   U.S.C. § 2000e–5(e).

citing: *Gates v. Georgia-Pacific Corp.*, C.A.9th (1974), 492 F.2d 292; *Pacific Maritime Assoc. v. Quinn*, C.A.9th (1974), 491 F.2d 1294; *Macklin v. Spector Freight Systems, Inc.*, (1973), 156 U.S.App.D.C. 69, 478 F.2d 979; *Belt v. Johnson Motor Lines, Inc.*, C.A.5th (1972), 458 F.2d 443; *Cox v. United States Gypsum Co.*, C.A.7th (1969), 409 F.2d 289; *Kohn v. Royall, Koegel & Wells*, D.C. N.Y. (1973), 59 F.R.D. 515, appeal dismissed, C.A.2d (1974), 496 F.2d 1094; accord: *Wetzel v. Liberty Mutual Insurance Co.*, C.A.3d (1975), 508 F.2d 239, 246[8], certiorari denied (1975), 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679; *Trivett v. Tri-State Container Corp.*, D.C.Tenn. (1971), 368 F.Supp. 131, 133[2]; *Hecht v. Cooperative for Amer. Relief Everywhere, Inc.*, D.C.N.Y. (1972), 351 F.Supp. 305, 307[1], n. 1; *Fekete v. U. S. Steel Corp.*, D.C.Pa. (1973), 353 F.Supp. 1177, 1185[1]; *Ostapowicz v. Johnson Bronze Company*, D.C.Pa. (1973), 369 F.Supp. 522, 529[1]; *Grohal v. Stauffer Chemical Company, Inc.*, D.C.Calif. (1974), 385 F.Supp. 1267, 1269[2]; *American Finance System Incorporated v. Harlow*, D.C.Md. (1974), 65 F.R.D. 94, 102–103[5].

■ There likewise is obviously no merit in the defendant's contention that the plaintiff was required to commence this action within 270 days from the date that his charge was filed with the Equal Employment Opportunity Commission. Such contention totally misconstrues the plain language of 42 U.S.C. § 2000e–5(f)(1). Thereunder, it is provided that:

 *   *   *   *   *   *

" *   *   *   If a charge filed with the Commission   *   *   *   is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section   *   *   *   or the Commission has not entered into a conciliation agreement to which .the person aggrieved is a party, the Commission   *   *   *   shall so notify the person aggrieved and within

ninety days after the giving of such notice a civil action may be brought   *   *   *.

 *   *   *   *   *   *

42 U.S.C. § 2000e–5(f)(1). Here, the complaint was filed within 90 days after the dismissal of the charge by the Commission, which is all that is required under the aforecited statute.

■ Finally, the defendant is mistaken in its contention that this action is barred by the one-year limitation period contained in T.C.A. § 28–304. Such provision is not applicable hereto. *Kaltenborn v. Excel Personnel*, D.C.Tenn. (1972), 339 F.Supp. 129, 130–131; *Beckum v. Tennessee Hotel*, D.C. Tenn. (1971), 341 F.Supp. 991, 994[4], [5]; *Jackson v. Cutter Laboratories, Inc.*, D.C. Tenn. (1970), 338 F.Supp. 882, 885[5].

The motion is

OVERRULED.

## ON MOTION FOR RELIEF FROM DEFAULT

■ The defendant, against whom the plaintiff seeks judgment for affirmative relief herein, failed to plead or otherwise defend herein as provided by the Federal Rules of Civil Procedure, and the clerk entered the defendant's default. Rule 55(a), Federal Rules of Civil Procedure. The defendant moved the Court two days afterward to set aside such entry of default. Rule 55(c), Federal Rules of Civil Procedure. Before this Court may take such action, the defendant must have shown "good cause" therefor. *Idem.*

■ The defendant's motion states that its "basis" therefor is set forth in its supporting brief. Accompanying such motion is a 3¼ page brief and a 2-page affidavit. The crux of all that language, however, is that defense counsel of record herein was so busy with other matters * that he did not attend seasonably to this matter. This, in the opinion of this Court, is not "inadvertence" of such counsel; rather, the Court FINDS it is gross negligence on his part.

---

* The defendant is represented by a 26-member law firm.

Gross neglect does not constitute good cause for setting aside the entry of a default. *Titus v. Smith,* D.C.Pa. (1970), 51 F.R.D. 224, 226[1], cited in *Schartner v. Copeland,* D.C.Pa. (1973), 59 F.R.D. 653, 656[3]; *United States v. Foust Distilling Company,* D.C.Pa. (1960), 36 F.R.D. 92.

█ The defendant's motion for a dismissal, or, alternatively, for a summary judgment herein was overruled on September 29, 1976. When no further action had been taken by either party by November 11, 1976, the clerk of this Court called the attention of counsel to that fact. Of course, from that moment forward, the plaintiff was in danger of having his lawsuit dismissed involuntarily for his failure to prosecute, Rule 41(b), Federal Rules of Civil Procedure, and moved the clerk on November 15, 1976 to enter the defendant's default. Conversely, defense counsel did nothing so far as the record of this Court is concerned. Such default was entered on the same day filed, and the defendant hastened to file its overdue answer, a proposed third-party complaint, and a motion to set the default aside. The defendant, by brief, makes reference to the failure of adversary counsel to request the filing of an answer. Although some lawyers hesitate to seek the entry of a default before advising adversary counsel of such intended action, the Rules of Civil Procedure provide when an answer shall be filed; no prodding by adversary counsel is required.

█ This Court historically construes Rule 55(c), *supra,* liberally to provide relief from the onerous consequences of such entry. *Cf. ergo., Johnson v. Harper,* D.C. Tenn. (1975), 66 F.R.D. 103, 104[1]. However, it is not the purpose of this Court in so doing to subvert the plain provisions of the Rule by such liberality and contributing to its becoming meaningless; it is to be construed " * * * to secure the just, *speedy* [emphasis supplied], and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure.

█ It should be remembered that this is not a situation where the defendant's failure to follow the rules was " * * * due to inability fostered neither by its own conduct nor by circumstances within its control. * * * " *Societe Internationale v. Rogers* (1958), 357 U.S. 197, 211, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255, 1266–1267. Rather, such failure was the product of defense counsel's neglect. *Link v. Wabash R. Co.* (1962), 370 U.S. 626, 635, 82 S.Ct. 1386, 8 L.Ed.2d 734, 741 (headnote 14), (where a lawyer was too busy preparing papers for filing in a state supreme court in connection with another client's case to attend a pretrial conference in a federal district court). That the defendant, itself, may have been innocent in the premises does not provide an excuse for its attorney's failure to diligently pursue its interests. *Cf. Kostenbauder v. Secretary of H. E. W.,* D.C.Pa. (1976), 71 F.R.D. 449, 452[2]; *contra: King v. Mordowanec,* D.C.R.I. (1969), 46 F.R.D. 474.

The defendant, not having carried its burden of showing good cause why the entry of default of November 15, 1976 should be set aside its motion for such purpose hereby is

DENIED.

The motion of the plaintiff for entry of a default judgment hereby is OVERRULED. Pretrial conference will be assigned, limited to the issue of the relief to which the plaintiff may be entitled herein.

### ON MOTION TO RECONSIDER

█ The defendant moved the Court to " * * * reconsider * * * " its order of December 1, 1976 herein, denying its motion under Rule 55(c), Federal Rules of Civil Procedure, to set aside the entry of default against it herein. It is assumed that the defendant is undertaking thereby to move under the provisions of Rule 60(b)(6), Federal Rules of Civil Procedure, for relief from the Court's order of December 1, 1976.

The Court has considered such motion and the grounds urged in its support, the further affidavit of defense counsel, and the authorities cited and arguments advanced in the accompanying brief. It is the

resulting opinion of the Court that the defendant is not entitled to the relief sought. The facts and circumstances *sub judice* are strongly analagous to those in *Link v. Wabash R. Co.* (1962), 370 U.S. 626, 635, 82 S.Ct. 1386, 1391, 8 L.Ed.2d 734, 741 (headnote 14) which was not included among the approximately 17 authorities cited by the defendant.

■ The defendant moved also for an oral hearing on its latest motion. Had such motion been filed with or before the filing of the defendant's motion of November 17, 1976 herein, it would have been allowed under the provisions of our local Rule 12(c). However, in its discretion, the Court disallows such request at this later time, with the anticipation that defense counsel could only insist (for a third time) that the Court erred in the exercise of its well-considered discretion herein.

Motions DENIED.

## ON MOTION TO AMEND

■ The defendant applied to the Court to amend its order of December 30, 1976, so as to state its opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from such order might advance materially the ultimate termination of this litigation. 28 U.S.C. § 1292(b). This Court does not hold such opinion, and such application hereby is REJECTED. In the alternative, the defendant moved again for the Court to set aside the entry of its default herein.

■ The Court is mindful that it is contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities, and that the Rules are designed to facilitate a proper decision on the merits of a lawsuit. *Foman v. Davis* (1962), 371 U.S. 178, 181–182, 83 S.Ct. 227, 229–230, 9

L.Ed.2d 222, 225–226 (headnotes 3, 4). To that end, this Court has construed Rule 55(c), Federal Rules of Civil Procedure, liberally to provide relief from the onerous consequences of the entry of a default. See *ergo., Johnson v. Harper,* D.C.Tenn. (1975), 66 F.R.D. 103, 104[1].

This Court is disturbed by the apparent dissembling of defense counsel in stating, under his oath, the facts which he contends constitute "good cause" for setting aside the entry of default. In his affidavit of November 16, 1976, defense counsel made oath that he had failed to comply with the Federal Civil Rules because (1) he had been unable to prepare an answer and third-party complaint herein seasonably because of the press of other litigation, and (2) because of the necessity (as he viewed it) of the defendant's consulting with the proposed third-party defendant before filing of such third-party complaint.[1] When this explanation of his failure was termed "gross neglect" by this Court, he filed his second affidavit of December 7, 1976 and made oath that he had failed to comply with the Federal Civil Rules because he was handling so many similar cases that he " * * * honestly thought * * *" an answer herein *had* been filed earlier. Obviously, this second explanation related also to the press of other litigation. The third affidavit of January 7, 1977 of defense counsel advances the claim that he had not *intended* to imply in his earlier affidavits that his failure to comply was due to the press of other litigation, but that his real reason for such failure was that he had " * * * honestly believed * * *" the defendant had already answered.

It is provided by local Rule 12(a) that, where allegations of fact are relied upon in a motion filed in this Court, the movant shall file an affidavit in support thereof. In the aggregate of the three affidavits filed herein by defense counsel, the Court is

---

1. It was not required that the defendant delay filing its answer or other responsive pleading until its third-party complaint was cleared with the proposed third-party defendant. It could have filed the third-party action " * * * not later than 10 days after * * *" it served its " * * * original answer * * *" without leave of the Court. Rule 14(a), Federal Rules of Civil Procedure.

unable now to ascertain precisely the fact involved. If it is the fact that the defendant failed to answer seasonably because of the press of other litigation, that is one thing; if it failed to answer seasonably because its counsel believed that an answer had been filed earlier, that is quite another thing.

■ It is a familiar rule of law that, where a witness is found to have made a statement under oath which afterward is shown to have been false, the trier(s)-of-fact have every right to distrust that witness in all other particulars. *Norfolk & W. Ry. Co. v. McKenzie,* C.C.A. 6th (1941), 116 F.2d 632, 635[7]. " * * * However, this maxim is not an inflexible rule of evidence * * *, [but] * * * is one of permission and not mandatory. * * *" *Idem.* In this instance, nobody knows what was in defense counsel's mind at the pertinent time but him; we are dealing with a subjective matter.

■ It being so vital to the proper determination of the defendant's application to set aside the entry of its default herein, the Court is of the opinion that it is appropriate herein to allow and request defense counsel to submit yet another affidavit [2] which the Court will then give such weight as it may appear to deserve. For such purpose, the matter of setting aside the entry of the defendant's default hereby is ORDERED reopened.

### ON RECONSIDERATION

The Court reopened consideration of the defendant's motion to set aside the entry of November 15, 1976 of its default herein. Memorandum opinion and order herein of January 20, 1977. The purport of the affidavit of January 27, 1977 of defense counsel is that the defendant's default occurred because its counsel was under the honest, but mistaken, impression that an answer herein had been timely filed earlier. In the

Court's opinion this constitutes a showing of good cause to set aside the entry of the defendant's default. Rule 55(c), Federal Rules of Civil Procedure.

■ The Federal Rules of Civil Procedure are designed to prevent federal civil practice's becoming " * * * 'a game of skill in which one misstep by counsel may be decisive to the outcome * * * [but rather they are designed] * * * to facilitate a proper decision on the merits.' * * * " *Foman v. Davis* (1962), 371 U.S. 178, 181–182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225–226 (headnotes 3, 4), quoting from *Conley v. Gibson* (1957), 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 86. Rule 55(c), *supra,* is to be " * * * liberally construed in order to provide relief from the onerous consequences of defaults * * *. Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits. * * * " *Tolson v. Hodge,* C.A. 4th (1969), 411 F.2d 123, 130 [6, 7], citing *inter alia Rooks v. American Brass Co.,* C.A. 6th (1959), 263 F.2d 166.

■ In line with its long-standing practice of avoiding where reasonably possible the adjudication of any issue along technical lines, this Court hereby vacates its order of December 1, 1976 herein and SETS ASIDE for good cause shown (belatedly) the entry of November 15, 1976 of the defendant's default. The defendant, having answered and filed a third-party complaint heretofore, the clerk will assign this action for a pretrial conference.

---

**2.** If defense counsel complies with this permission and request, it is anticipated by this Court that he will state under oath as tersely as the whole truth permits the precise reason or reasons he submitted untimely the defendant's answer. (One sentence is preferable; certainly, only a few.) These statements should be confined to a statement or statements of the *fact* or *facts* without explanation, embellishment, or argument.