**Eva Lou GRAY**

v.

**JOHN JOVINO COMPANY, INC.**

No. CIV-2-78-172.

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 1, 1979.

Edward R. Sempkowski, Charles R. Terry & Associates, Morristown, Tenn., for plaintiff.

John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendant.

MEMORANDUM OPINION

NEESE, District Judge.

The parties tendered to the Court a proposed agreed order setting-aside the entry of the defendant's default herein of April 6, 1979. Good cause for setting-aside such default not having been shown, the Court declines to enter said order.

This Court is authorized to set aside the entry of a default " * * * [f]or

good cause shown * * *." Rule 55(c), Federal Rules of Civil Procedure. While this Court construes Rule 55(c), *supra*, liberally to provide relief from the onerous consequences of a default, *Johnson v. Harper*, D.C.Tenn. (1975), 66 F.R.D. 103, 104, there must be a sufficient showing of good cause before a default will be set aside, see *Kennerly v. ARO, Inc.*, D.C.Tenn. (1977), 447 F.Supp. 1083, 1086–1089.

■ Although the parties may stipulate as to certain factual matters relating to the issue of good cause, the Court is not aware of any authority it has to set-aside a default merely by agreement of the parties. Even where a default has not been formally entered by the clerk, a defaulting defendant is required to apply to the court for relief on a showing of good cause before it is permitted to file an answer. 6 Moore's Federal Practice (2d ed.) 55–231, ¶ 55.10[1]; 10 Wright & Miller, Federal Practice and Procedure: Civil 297–298, § 2692.

■ The setting-aside of a default is a matter committed to the sound discretion of the trial judge. *Smith v. Kincaid*, C.A. 6th (1957), 249 F.2d 243, 245[3]. In exercising this discretion, it is necessary for the Court to balance what are at times conflicting policy-goals: the need for prompt and efficient handling of litigation in the federal courts by sound application of the Rules of Civil Procedure, and the attainment of a just resolution of the particular dispute before the court. 6 Moore's Federal Practice, *supra*, at 55–251-2, ¶ 55.10[4].

■■ Where a default is sought to be set aside, the party in default " * * * should make a formal motion * * *." *Ibid.*, at 55–232, ¶ 55.10[1]. And, as was stated by a panel, upon which sat the late Judge Learned Hand, even where it is the plaintiff who seeks to set aside the defendant's default, " * * * whoever makes the motion must show an adequate basis for it. * * *" *Ferraro v. Arthur M. Rosenberg Co.*, C.C.A.2d (1946), 156 F.2d 212, 214[2].