**Robert K. WILLIAMS, Plaintiff,**

v.

**CAMPBELL CHRYSLER–DODGE, INC., et al., Defendants.**

**JEEP CORPORATION, et al., Defendants and third-party plaintiffs,**

v.

**DAAL SPECIALTIES, etc., et al., Third-party defendants.**

**No. CIV–2–81–195.**

United States District Court, E.D. Tennessee, Northeastern Division.

March 26, 1982.

On Motion to Set Aside Default April 19, 1982.

On Vacation of Default May 4, 1982.

Thomas McKinney, Jr., Kingsport, Tenn., and Roy V. Wolfe, Jr., Gate City, Va., for plaintiff.

Joseph O. Fuller, M. Lacy West, Kingsport, Tenn., Wheeler A. Rosenbalm, Richard T. Sowell, Knoxville, Tenn., N.R. Coleman, Jr., Greeneville, Tenn., for defendant.

## MEMORANDUM

NEESE, District Judge.

The third-party defendant Camcar Screw and Manufacturing Company is in default herein. Rule 55(a), Federal Rules of Civil Procedure; entry of default of March 5, 1982 herein. The third-parties proposed an "agreed order" to relieve such defaulted party from such default.

Such proposal is completely inappropriate, *see Gray v. John Jovino Company,* D.C. Tenn. (1979), 84 F.R.D. 46, and will NOT be entered by the clerk.

### On Motion To Set Aside Default

The defaulted third-party defendant Camcar Screw and Manufacturing Company moved the Court to set aside the entry of its default of March 4, 1982 herein. Rule 55(c), Federal Rules of Civil Procedure. In its effort to show " * * * good cause * * " for the Court so to do, *inter alia* there were submitted therewith affidavits of a so-called "products liability counsel" of such party as well as that of its local counsel herein. Local Rule 12(a).

Therefrom, it appears satisfactorily that such third-party defendant has its principal place of business in Rockford, Illinois; that it is a division of Textron, Inc., the corporate offices of which are in Providence, R.I.; that, at the latter place, is maintained a so-called risk management and insurance department; that, when a complaint is filed against a division of the parent-company, the original is to be sent to the insurer with a copy to such department of Textron, Inc.; that the third-party complaint herein was served by mail in Rockford, Ill. on December 14, 1981; and that the defaulted third-party defendant instituted efforts to have its default set-aside within a week after it was entered herein.

Rule 43(e), Federal Rules of Civil Procedure, appears to allow this Court to hear this matter on affidavits, as the current motion is based on facts not appearing of record herein. *Murray v. Kunzig,* C.A.D.C. (1972), 462 F.2d 871, 878[5], reversed on other grounds *sub nom. Sampson v. Murray* (1974), 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d

166 ("We read this rule as giving the court discretion to choose between hearing oral testimony or taking affidavits in making the factual judgment necessary to the granting or denial of the motion in question.") However, the Court cannot accept as proof-of-facts the hearsay statements presented by the affiant in the first above-mentioned affidavit. *E.F. Hutton & Company v. Brown,* D.C.Tex. (1969), 305 F.Supp. 371, 383[14] ("Affidavits * * * should be restricted to the statement of fact within the personal knowledge of the affiant.")

■ The Court is of the opinion that good cause to vacate the entry of default may be shown amply if the facts are developed properly by the affidavit(s) of the person(s) having personal knowledge of those facts. (The first-above affiant should understand also that no default *judgment* has been entered against this third-party defendant.)

The Court will hold the matter under advisement for a reasonable time.

### On Vacation of Default

■ It was made to appear satisfactorily further herein, *see* memorandum opinion herein of April 19, 1982, from the affidavit of a certain employee of the defaulted third-party defendant Camcar Screw and Manufacturing Company that, when the pertinent third-party complaint herein was served, by direction of a member of the parent-company's corporate legal department, such suit-papers were transmitted to the latter; that such affiant was then under the mistaken impression that the latter would " * * * be taking care of * * *" such matter and that company-procedures did not require her to submit suit-papers to the company's insurer.

It was made to appear satisfactorily also from the affidavit of a certain employee of such parent-company's risk management and insurance department that, when such suit-papers were received by her from the aforementioned affiant, they were accompanied by a notation that the former " * * * believed * * *" the original of same had theretofore been referred to such insurer but such fact should be verified; that, an effort at such verification was made by the second such affiant during work-holidays when only a security guard was available; that such second affiant made a notation to call-back after the holidays but misplaced the note and " * * * forgot to call back * * *."

Although such inattention by a conglomerate to something as important as a lawsuit borders on the very brink of gross neglect which would bar setting-aside the default, *cf. Usery v. Weiner Bros., Inc.,* D.C.Conn. (1976), 70 F.R.D. 615, 616–617[2, 3] ("A showing of mere carelessness and negligence does not establish either 'inadvertence' or 'excusable neglect'"), in the exercise of its discretion, this Court hereby FINDS good cause so to do under all the circumstances. As this Court has stated in a similar context:

> Rule 55(c) [of the Federal Rules of Civil Procedure], *supra,* is to be " * * * liberally construed in order to provide relief from the onerous consequences of defaults * * *." Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits. * * *

*Kennerly v. ARO, Inc.,* D.C.Tenn. (1977), 447 F.Supp. 1083, 1089[16].

Accordingly, this Court hereby VACATES for good cause now shown and SETS–ASIDE the entry of March 4, 1982 of the default of the third-party defendant Camcar Screw and Manufacturing Company herein. Rule 55(c), Federal Rules of Civil Procedure.