**UNITED STATES of America**

v.

**Charles Jack CONIAM.**

**Crim. No. H–83–43 (PCD).**

United States District Court,
D. Connecticut.

Feb. 14, 1984.

Nancy B. Lavine, Asst. U.S. Atty., Hartford, Conn., for plaintiff.

Thomas G. Dennis, Federal Defender, Hartford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS COUNTS THREE AND TEN

DORSEY, District Judge.

The defendant, Charles Jack Coniam, seeks dismissal of Counts Three and Ten of the indictment on the ground that these counts are barred by the statute of limitations. Counts Three and Ten allege that the defendant, in his offer and sale of securities, used schemes and devices to defraud and obtain money and property, mailed correspondence to two individuals on September 11, 1978, in violation of 15 U.S.C. § 77q(a).

The defendant argues that both of these counts are barred by the applicable statute of limitations, 18 U.S.C. § 3282, which provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

It is the defendant's position that since both of the mailings alleged in Counts Three and Ten occurred on September 11, 1978, and because the indictment was not filed until September 12, 1983, one day beyond the five year statute of limitations these counts are barred. The five year statute of limitations begins to run from the date of the mailings. *United States v. Read,* 658 F.2d 1225, 1240 (7th Cir.1981); *United States v. Clevenger,* 458 F.Supp. 354, 358 (E.D.Tenn.1978).

The government on the other hand argues that since September 11, 1983, was a Sunday, under Fed.R.Crim.P. 45(a), the permissible date for filing the indictment was extended to the following day, Monday, September 12, 1983, and Counts Three and Ten escape the bar of the five year statute of limitations. Rule 45(a), Fed.R.Crim.P., provides that:

> "In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days."

The Notes of the Advisory Committee on the Federal Rules states that this rule "... is in substance the same as Rule 6 of the Federal Rules of Civil Procedure ... [and that i]t seems desirable that matters covered by this rule should be regulated in the same manner for civil and criminal cases in

order to preclude the possibility of confusion." Therefore, cases discussing the relation of Fed.R.Civ.P. 6(a) to statutes of limitations are relevant to a consideration of the relation of Fed.R.Crim.P. 45(a) to the five year statute of limitations for non-capital criminal offenses, 18 U.S.C. § 3282. "Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation." *Joint Counsel Dining Car Employees v. Delaware, L & W*, 157 F.2d 417, 420 (2d Cir. 1946) (citations omitted).

The Second Circuit Court has seriously questioned whether the provisions of Fed.R.Crim.P. 45 "... could be invoked to authorize the filing of an indictment beyond the five-year deadline since 'Congress has declared a policy that the statute of limitations should not be extended "[e]xcept as otherwise expressly provided by law." 18 U.S.C. § 3282.' *Toussie v. United States*, 397 U.S. 112, 115 [90 S.Ct. 858, 860, 25 L.Ed.2d 156] ... (1970)." *United States v. Guerro*, 694 F.2d 898, 902, n. 5 (2d Cir. 1982), *cert. denied*, ___ U.S. ___, 103 S.Ct. 1230, 75 L.Ed.2d 463, ___ U.S. ___, 103 S.Ct. 1878, 76 L.Ed.2d 809 (1983).

Rule 6(a), Fed.R.Civ.P., has been interpreted to extend the limits in various statutes. In *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D.Tenn.1975), the court held that Fed.R.Civ.P. 6(a) was applicable to the removal statute, 28 U.S.C. § 1446(b). Therefore, when the period for filing the removal petition ended on Saturday, filing the petition on Monday was permissible. *Also see Boulet v. Millers Mut. Ins. Assn. of Illinois*, 36 F.R.D. 99 (D.C.Minn.1964). The *Johnson* court based its decision on the fact that Rule 6(a) is directed to "any applicable statute" and that "considerations of liberality and leniency" should be involved when applying 6(a) and finally that 6(a) should be " ' ... construed to accomplish that which the rule recognizes: the general suspension of work and labor upon Sunday [and Saturday] and other days set aside for observance of a public

purpose...." [footnote omitted]. *Prudential Oil & Minerals Co. v. Hamlin*, (C.A. 10th (1958), 261 F.2d 626, 627[1]; accord: *Wirtz v. Local Union 611, International Hod Carriers' Building and Common Laborers' Union of America*, D.C.Conn. (1964), 229 F.Supp. 230, 231[1]; accord: *Anderson v. Stanco Sports Library, Inc.*, D.C.S.C. (1971), 52 F.R.D. 108." *Johnson*, 66 F.R.D. at 105. *See Boulet*, 36 F.R.D. 99; *Smith v. Kenny*, 84 F.R.D. 113 (D.V.I. 1979).

Despite these cases applying Fed.R.Civ.P. 6(a) to extend statutory time limitations, it has also been stated that Fed.R.Civ.P. 6(a) "... could not be said to apply expressly to a statute of limitations ... But [that] in computing such periods of time a court may well adopt, by analogy, the method of computation prescribed by Rule 6, unless there is something in the statute of limitations (or decisions construing it) which does not warrant the adoption of such a method." 2 Moore's Federal Practice, ¶ 6.06[2], at 1500.20 (footnote omitted).

Title 18 U.S.C. § 3282 precludes applying analyses of Fed.R.Civ.P. 6(a) to Fed.R.Crim.P. 45(a) and precludes the conclusion the statutory limitation period of 18 U.S.C. § 3282 can thereby be extended to permit a Monday filing of an indictment where the five year statute of limitation expired on the prior Saturday.

The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For

these reasons and others, we have stated before 'the principle that criminal limitations statutes are "to be liberally construed in favor of repose,' *United States v. Scharton*, 285 U.S. 518, 522 [52 S.Ct. 416, 417, 76 L.Ed. 917] (1932);" *United States v. Habig*, 390 U.S. 222, 227 [88 S.Ct. 926, 929, 19 L.Ed.2d 1055] (1968). *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970).

In accordance with the above principles, Rule 45(a), Fed.R.Crim.P., cannot have the effect of extending the limitation period of 18 U.S.C. § 3282. Counts Three and Ten are barred by 18 U.S.C. § 3282. The defendant's Motion to Dismiss Counts Three and Ten is granted.

SO ORDERED.